Railroad v. Davis.

RAILROAD v. DAVIS.

(*Jackson.* April 18, 1900.)

1. DECLARATION. *Averment of negligence sufficient.*

In an action against a railroad company for killing plaintiff's intestate, it is a sufficient averment of negligence, in the declaration, to state, without more specific allegation of facts, that the defendant had "wrongfully, carelessly, and negligently run its cars and engine upon and against the deceased, thereby causing his death." The plaintiff is entitled, under this averment, to show and recover for a death that resulted from collision with a train of defendant company, running without observance of the statutory precautions to prevent accidents. (*Post, pp. 445–448.*)

Cases cited: Cumberland, etc., Co. v. Cook, 103 Tenn., 730; Turnpike Co. v. Crockett, 2 Sneed, 263; Cotton Oil Co. v. Shamblin, 101 Tenn., 264; Railroad v. Pratt, 85 Tenn., 9.

2. SAME. *Need not negative plaintiff's negligence.*

It is not essential that a declaration in an action seeking a recovery for negligence of the defendant, should negative negligence or fault on the part of the plaintiff. (*Post, p. 448.*)

Case cited: Stewart v. Nashville, 96 Tenn., 55.

3. RAILROADS. *Observance of statutory precautions.*

The statutory precautions for prevention of accidents, such as the sounding of whistle and ringing of bell, must be observed on trains of a railroad company approaching a town incorporated under the laws of this State, and situated wholly, or in part, within this State, although the station for such town may be located across the line in another State. (*Post, p. 449.*)

4. SAME. *Same.*

The requirement of the statute is that the bell or whistle shall be sounded at the distance of one mile from the corporate limits of the town, not one mile from the depot or station. (*Post, p. 450.*)

Case cited: Webb v. Railroad, 88 Tenn., 124.

Railroad *v.* Davis.

5. SAME. *Same.*

The omission to ring bell or sound whistle on a railway train at the distance of one mile from the town which was the scene of the accident, is not cured or obviated by the sounding of the whistle or ringing of the bell at short intervals for one-half or three-quarters of a mile before reaching the town. (*Post, pp. 449, 450.*)

6. SAME. *Same.*

It is not essential that the nonobservance of the statutory precautions should have been the proximate cause of the injury to entitle plaintiff to recover. It is sufficient that the injury occurred while the railroad company was running its trains in violation of the statutes. (*Post, p. 450.*)

Case cited: Collins *v.* Railroad, 9 Heis., 841.

7. EVIDENCE. *Of number, ages, and sex of plaintiff's children admissible.*

In an action brought by a widow against a railroad company for the killing of her husband, it is competent, although the declaration is silent as to the children, for the plaintiff to prove the number, ages, and sex of her children upon the question of amount of damages. The children are beneficiaries with the widow in the recovery in such case. (*Post, pp. 451, 452.*)

Cases cited: Sample *v.* Smith, 1 Shannon's Cases, 284; Collins *v.* Railroad, 9 Heis., 841; Railroad *v.* Loague, 91 Tenn., 458.

---

FROM OBION.

---

Appeal in error from Circuit Court of Obion County. W. H. SWIGGART, J.

MOORE & WELLS for Railroad.

A. N. MOORE, OWNBY & KELLAR, W. P. CALDWELL and AD THOMAS for Davis.

McALISTER, J. Suit by the widow of T. W. Davis, deceased, to recover damages for the alleged wrongful killing of her husband by the railroad company. Verdict and judgment in favor of plaintiff for $3,000. Company appealed, and has assigned errors.

The deceased lived in the town of South Fulton, Tenn., and at the time of the accident had started up town, walking along or near the track of the Illinois Central Railroad Company, and was killed by a north-bound passenger train. At the time of the accident two freight trains were standing on either side of the main line, both headed south, and they had taken these positions in order to permit the passenger train, which was due at 12 o'clock midday, to pass along the main line north.

The theory of the plaintiff is that at the time of the accident deceased was walking along the main line and could have been plainly seen by the engineer and fireman of the north-bound passenger train for at least a half or three-quarters of a mile, and that no danger signal was given or other precaution taken until the proximity to deceased was so close that it was impossible to stop the train in time to prevent the accident.

It was further claimed that the company had also failed to ring the bell or sound the whistle within one mile of the town of Fulton.

Railroad *v.* Davis.

On the other hand, the theory of the company is that deceased was not walking along the main line, but on the right of way parallel with the track; that he was seen for some distance by the engineer, but not being on the track or in striking distance of a train, he was in no danger, and the company was not required to comply with the statute. The contention of the company is that deceased did not get on the main line until the train was within ten feet of him, when he suddenly attempted to cross the track without looking or listening; that immediately the whistle was blown and every effort possible in such a crisis was made, but on account of the suddenness of deceased's coming on the track in such proximity to the train, it was impossible to comply with the statutory precautions, or to stop the train.

Both theories, each of which was supported by evidence, were submitted to the jury, and they have resolved the issues in favor of the plaintiff.

The first assignment of error is that the Court erred in not sustaining defendant's demurrer to plaintiff's declaration. The point of the demurrer is that the declaration stated no cause of action. The gravamen of the several counts of the declaration is that defendant company had "wrongfully, carelessly, and negligently run its cars and engine upon and against the deceased, thereby causing

his death." No other or more specific allegations in respect of the injury are made in either count of the declaration. The assignments of demurrer were:

1. It was not alleged that deceased was without fault and that he exercised reasonable care and caution to avoid the injury.

2. The facts constituting the negligence are not alleged, but only inferences and conclusions, and that defendant had thereby no notice of the facts it was expected to meet.

In the recent case of *Telephone Company* v. *Cook,* 103 Tenn., 730, the plaintiff sued to recover damages for personal injuries sustained in consequence of a collision with a telephone pole erected on a turnpike. The specifications of negligence set out in the declaration were, viz.: "That defendant carelessly, willfully, negligently, and unlawfully erected a large pole, firmly set to the ground, on the chartered right of way of the Harpeth turnpike, a public thoroughfare in Williamson County." It was held, on demurrer, that the averments of negligence were too general and stated no cause of action. The simple averment that the pole of plaintiff in error was placed within the chartered right of way of the Harpeth Turnpike Company, although it was stated that it was done wrongfully, carelessly, negligently, and unlawfully, does not constitute a cause of

Railroad *v.* Davis.

action. To place the declaration beyond fatal objection, it was essential that it should have averred some fact or facts showing carelessness, willfulness, negligence, or unlawfulness, thus advising the defendant and the Court of the grounds of complaint. The fact that the pole had been set within the charter right of way of the turnpike company would not make the defendant liable. It had a right to set the pole at a safe and convenient distance beyond the margin of the road as made and used. *Turnpike Company* v. *Crocket,* 2 Sneed, 263. In order to constitute a ground of action, it must have been placed so as to endanger travel.

The case of *Cotton Oil Company* v. *Shamblin,* 101 Tenn., 264, was an action to recover damages for the negligent killing of plaintiff's intestate. The only specification of the declaration was that "defendant wrongfully and negligently killed David L. Shamblen," etc. On demurrer the declaration was held fatally defective. The Court quoted with approval the case of *Madden* v. *Post Royal Railroad Company,* 35 S. C., 381, in which it was said, viz.: "Negligence being a mixed question of law and fact, it is not sufficient to allege in general terms that an injury has been sustained by reason of the negligence of the defendant, but the plaintiff must go on and allege the facts constituting such negligence."

As already seen, the declaration in the present case alleges "that defendant company wrongfully, carelessly, and negligently run its cars and engine upon and against plaintiff's intestate, thereby causing his death." This was precisely the allegation in *East Tennessee, Virginia & Georgia Railroad Company* v. *Pratt,* 1 Pickle, 9, in which the Court held that such an allegation gave notice that the injury was done contrary to the statute. And that the defendant will be required to prove, in its defense, that it observed the precautions prescribed by the same statute, although there may be no reference to the statute in the declaration. It was further said of that declaration that it gave notice that defendant has been guilty of negligence, and requires it to come prepared to show that it had neither done nor omitted to do any act which the law made now and before the statute negligence.

We hold this declaration to be sufficient under the authority of the last case cited.

The second ground of demurrer is that it is not alleged that the injury was sustained by the plaintiff without fault or negligence on his part. We considered this question in *Stewart* v. *Nashville,* 12 Pickle, 55, and held that contributory negligence being a matter of defense, it was not necessary that plaintiff should allege or prove that he was free from fault.

The tenth assignment of error is based upon the refusal of the Court to charge defendant's request, which, in substance, was that if the jury found that there was no depot or station in South Fulton, Tenn., but that the State line between Kentucky and Tennessee crossed said town, leaving the station in Kentucky, then the require-ment of the statute to ring the bell or sound the whistle within one mile of the town would have no application.

It suffices to say, in answer to this assignment, that the statute applies to all incorporated towns in this State. South Fulton was an incorporated town, and the statute must apply, regardless of where its depot or station is situated. It is true the statute has no extraterritorial effect, but so far as it is applicable in this State it must be enforced.

The twelfth assignment is that the Court erred in refusing defendant's request, to the effect that if the jury found that the bell or whistle on said train was sounded at short intervals for a distance of one-half or three-quarters of a mile from the corporate limits of South Fulton in the State of Tennessee, that this was a substantial compliance with the statute.

We think the instruction was properly refused, for the reason the statute requires that the bell and whistle shall be sounded at the distance of

one mile from the town. *Webb* v. *Railroad Company,* 4 Pickle, 124.

The statute is imperative, and the breach of it gives a right of action, whether the nonobservance of the statute was the proximate cause of the accident or not. This has been frequently held by *see, Virginia & Georgia Railroad Co.,* 9 Heis.,

The thirteenth assignment of error is based upon the refusal of the trial Judge to charge defendant's request, to the effect that this statute does not require that the bell or whistle shall be sounded at the distance of one mile from the corporate limits, but at the distance of one mile from the depot or station.

This question was settled by this Court in *Webb* v. *Railroad,* 4 Pickle, 124, where it was held that the provision of the statute requiring the bell or whistle to be sounded at the distance of one mile from the city or town means the corporate limits of the town or city. If this were not so, in the large cities the train would get into the city before it would be required to observe this statute, since the depot or station is, in many instances, more than a mile inside the corporate limits. The object of the statute was to give notice of the approach of this heavy and dangerous machinery, where it would be required to pass through centers of population a sufficient length of time to thoroughly advertise its coming.

Railroad *v.* Davis.

It is next assigned as error that plaintiff was permitted to prove how many children she had by deceased, their ages, and that they were all girls.

It will be observed that the suit was brought by the widow for her own use, and the children are not mentioned in the declaration as beneficiaries. In *Railroad v. Loague,* 7 Pickle, 458, it was held by this Court that the action being maintainable alone under the statute, there can be no recovery unless both the wrongful act and the existence of some beneficiary contemplated by the statute be proven, and, to be allowable on proof, such facts must first be averred.

The Court also charged that plaintiff has a right to recover such pecuniary damages as resulted to her or the children for whose use and benefit the action was brought.

It is insisted that as the declaration makes no mention of the children and the suit was brought solely for the widow, evidence of the number of children was improperly admitted, and that the Court erred in instructing the jury that the plaintiff could recover such damages as resulted to her or the children. There was no error in this action of the Court. In *Collins* v. *East Tennessee, Virginia & Georgia Railroad Co.,* 9 Heis., 841, it was held, viz.: "In any case where there are children when the action is brought under the,

Code, either by the widow or the administrator, the children are not necessary parties. The recovery inures to the benefit of the widow and children, and will be distributed as personal property." The Court in that case also said, viz.: "It is further insisted that there is error in the charge of the Court to the effect that in this action the jury could award the damages of the children as well as the widow when the declaration is only on behalf of the widow. It will be seen from the Code that the law itself gives direction to the recovery in such cases. The widow and the children are the beneficiaries of the action."

In *Sample* v. *Smith,* 1 Shannon's Cases, 284, it was held, viz.: "It was not essential that the names of the children for whose use the action was brought should have been set forth. The law determines who are to be entitled to the benefit of the recovery."

In the case of *Spiro* v. *Felton,* 73 Federal Reporter, it was held, viz.: "In an action for damages for an injury causing death, brought for the benefit of the widow or next of kin of the deceased, evidence of the number and ages of the children of the deceased is competent."

These authorities are conclusive of this question, and it results that the judgment must be affirmed.