LEXINGTON COMPRESS OIL MILL CO. *v.* JOHNSTON & JENNINGS Co. *et al.*

(*Nashville.*   December Term, 1921.)

1. **COURTS.**   Supreme court has no jurisdiction over appeal, unless case clearly falls within exception to jurisdiction of court of civil appeals.

   The court of civil appeals has immediate supervision of all civil litigation in the lower courts, unless the particular case falls within one of the enumerated exceptions exclusively within the jurisdiction of the supreme court.   (*Post, pp.* 67, 68.)

   Acts cited and construed: Acts 1907, ch. 82.

   Case cited and approved: Humphrey v. Godsey, 119 Tenn., 43.

   Case cited and distinguished: Burns v. City of Nashville, 132 Tenn., 435.

2. **COURTS.**   Appeal from decree for complainant, with reference to ascertain damages, which may be less than $1,000, is within jurisdiction of court of civil appeals.

   Where the complainant claimed $1,600 damages, but under the evidence the damages might have been found to be less than $1,000, an appeal from an interlocutory decree, referring the cause to the master to ascertain damages, did not involve a sum exceeding $1,000, and is within the jurisdiction of the court of civil appeals. (*Post, pp.* 68, 69.)   .

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— HON. F. H. HEISKELL, Chancellor.

146 Tenn.—5.

Compress Oil Mill Co. v. Johnston & Jennings Co.

WILSON, GATES & ARMSTRONG, for appellants.

W. H. HARRELSON and R. H. STICKLEY, for appellee.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This cause is before us upon a motion by the complainant to transfer same to the court of civil appeals, for the reason that this court is without jurisdiction to determine the issues presented.

The appeal was granted from an interlocutory decree adjudging that defendants had sold complainant two oil-burning engines, which were defective and not reasonably adapted for the work for which they were sold, and referring the cause to the master to take proof and report as to the amount of damage.

The decree contains the following recital:

"The court is therefore of the opinion, and so holds, that, the implied warranty having been breached by the defendants, that the complainant is entitled to recover of the defendants, Johnston & Jennings Company and J. H. McBee, doing business as the McBee Engine & Implement Company, Johnston & Jennings Company being primarily liable, but that the measure of damages is the difference between the value of the engines after they were received in Lexington, and the value of the engine that would have done the work, the value of an engine that was not defective, and that such damage is not shown or proven by the record. The defendant J. H. McBee shall have and recover over against his codefendant Johnston & Jennings Company any and all amounts which he may be required to pay by decree of this court.

"The court is therefore of the opinion that this is proper case for order of reference to the clerk and master to ascertain and determine the amount to be recovered in accordance with this measure of damage. But the court, exercising its discretion, grants an appeal to the supreme court to either or all of the parties complainant or defendant."

The complainant paid for said engines $4,961.85. The damage alleged in the bill is something over $16,000, including a lot of special damages.

In *Burns* v. *City of Nashville*, 132 Tenn., 435, 178 S. W., 1054, this court said:

"Chapter 82 of the Acts of 1907, creating the court of civil appeals, confers upon that court appellate jurisdiction of all civil cases coming up from the law and equity courts of this State, with certain exceptions named; that is to say, the act gives the court of civil appeals immediate supervision of all civil litigation in the lower courts, unless such litigation is of the particular character excepted by the act.

" 'Where a general rule has been established by statute, with exceptions, the court will not curtail the former nor add to the latter by implication. Exceptions strengthen the force of a general law and enumerations weaken it as to things not expressed.' Sutherland on Statutory Construction, section 328.

"Applying this rule of construction, inasmuch as general jurisdiction of civil appeals lies in the court of civil appeals, and the jurisdiction of this court exists only in exceptional cases, it follows that this court cannot assert jurisdiction, unless a particular case falls clearly within one of the exceptions enumerated; that is to say, unless we plainly see that we have jurisdiction of a particular

case, we must conclude that the matter is one for the supervision of the court of civil appeals.

"It is thoroughly established that jurisdiction on appeal is to be tested by the matter in controversy on appeal, and not by the matters which may have been involved in the lower courts. This principle is settled in *Humphrey et al.* v. *Godsey*, 119 Tenn., 43, 109 S. W., 1005. This case has been followed and this principle applied in numerous unreported decisions of this court.

"No matter how much money may have been sued for below, if a judgment is rendered for less than $1,000 and only the defendant appeals, the case goes to the court of civil appeals. We cannot say at this time that any judgment for any sum of money will be rendered against any party hereto on the final hearing. Unless such a judgment should be rendered, so far as we can now see, there is nothing in the case by reason of which this court could ever acquire immediate appellate jurisdiction thereof.

"The rule being that jurisdiction is determined by the thing in controversy on appeal, it must follow that, in a case where it is impossible to foretell to which court an appeal will lie after final decree, interlocutory appeals, so to speak, must be tested for jurisdictional purposes by the nature of the matter actually presented on such interlocutory application."

In the cause under consideration the master may report the damage to be less than $1,000, in which event the appeal on behalf of defendants would be to the court of civil appeals. The question of damage which the master will report, and which the chancellor will allow, is altogether speculative, and it cannot be said with certainty that damages in excess of $1,000 will be decreed, notwithstanding the

Compress Oil Mill Co. v. Johnston & Jennings Co.

record may indicate that a greater sum will be awarded the complainant.   Therefore, upon the authority above quoted, the appeal should have been taken to the court of civil appeals.

In a recent case at Knoxville, which was unreported, the bill was filed to recover damages for the breach of a contract for the sale of logs.   The chancellor decreed that the defendant had breached the contract and referred the cause as to the amount of damages.   The defendant owed complainant more than $1,000 on account of advances, for which it was decreed by the chancellor that the complainant was entitled to recover, and this was referred for the purpose of reporting as to interest.   In that case, from the interlocutory decree, it appeared that complainant was certain to obtain a decree in excess of $1,000, and on appeal more than $1,000 would necessarily be involved, so that we held that this court had jurisdiction.

But the decree in the present cause does not make it certain that a decree in excess of $1,000 will be awarded complainant, and hence this court is without jurisdiction, and the cause will be transferred to the court of civil appeals.