SCHOENLAU-STEINER TRUNK TOP & VENEER CO. *v.* W. H.
HILDERBRAND *et al.**

(*Jackson.* April Term, 1925.)

1. **COURTS.** Jurisdiction not conferred on supreme court, where complainant's rights may be determined without reference to constitutionality of questioned act.

Although in an amended answer validity of Acts 1899, chapter 22, section 1, was challenged as unconstitutional and void, and in violation of Constitution, article 2, section 17, such fact does not confer jurisdiction on supreme court as presenting a constitutional question, where no adjudication of complainant's rights under such act is called for and trial court made no ruling as to validity of act. (*Post, pp.* 163, 164.)

Acts cited and construed: Acts 1899, ch. 22, sec. 1.

Constitution cited and construed: Const., art. 2, sec. 17.

2. **COURTS.** Constitutional question necessary to be directly involved to give supreme court jurisdiction of cause.

In order to give supreme court jurisdiction, *held* that it was essential that a constitutional question be directly involved, not as an abstract, theoretical or merely incidental issue, but an issue presented in good faith, substantially determinative of the rights asserted. (*Post, p.* 165.)

Cases cited and approved: Mooney v. Hicks, 143 Tenn., 413; Lexington Oil Mill Co. v. Johnston, 146 Tenn., 65.

---

*Headnotes 1. Courts, 15 C. J., Section 552; 2. Courts, 15 C. J., Section 552.

---

FROM LAUDERDALE.

---

Appeal from the Chancery Court of Lauderdale County.—HON. V. H. HOLMES, Chancellor.

CRAIG, BULLOCK & DURHAM, for appellant.

STEELE & STEELE, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This court is without jurisdiction of the instant case, unless it is one involving a constitutional question.

The bill was filed by a landlord against his tenant, charging that defendant, Bailey-Ball-Pumphrey, having made advancements to the tenant, pursuant to an agreement with the landlord to waive its landlord's lien, had taken possession of the cotton crop of the tenant and converted it in disregard of the landlord's rent lien rights, the dispute between the parties, forming the determinative issue involved in the litigation being as to the effect of the said agreement and the extent of the waiver. An attachment was sought upon corn raised on the lands of the complainant, alleged to be in the possession of the tenant, in order to the satisfaction of the landlord's claim for rent. It was alleged that the Bailey-Ball-Pumphrey Company was claiming a right to the corn, both under a mortgage to secure advancements and by virtue of the aforesaid release agreement with the landlord.

The bill prayed for attachment on the corn and also for a construction and, if necessary, a reformation of the written agreement touching the landlord's lien and the release in favor of said company. The bill further prayed in the alternative for a foreclosure of the mort-

gage executed by the tenant in favor of said company and a marshaling of the proceeds. However, there was no prayer for a judgment against the defendant company, appellant here, on the theory of liability under the Cotton Factor Act. The decree of the chancellor sustained the attachment, and, the corn having been replevied by the company, the judgment was on the bond, and the value of the corn being found sufficient to satisfy the claim for rent, it was ordered that judgment in favor of complainant be thus satisfied. No adjudication of complainant's rights under the Cotton Factor Act is called for, and the question of the constitutionality of this act is not therefore so involved in this litigation as to bring the case within one of the exceptions specified in the act creating the court of appeals and defining its jurisdiction.

It is true that in an amendment to the answer, filed on the hearing, it is briefly and formally stated "that chap. 22, section 1, Acts of 1899, is unconstitutional and void and a violation of article 2, section 17 of the constitution of Tennessee," this being the only reference to this act in the course of lengthy pleadings. However, the chancellor made no reference to this question in his opinion or decree and in no way passed thereon, and it is quite apparent form an inspection of the record that the rights of the parties do not rest upon this act, and that the determinative issues presented by the record are wholly independent of it. Assuming the constitutionality of this act, which has been sustained by this court in a similarly styled cause at the present term, the pertinent questions presented on this appeal remain wholly unaffected and the rights of the parties undetermined.

In order to give this court jurisdiction, it is essential that a constitutional question shall be directly involved —not as an abstract, theoretical or merely incidental issue, but as an issue presented in good faith substantially determinative of the rights asserted, or the defense relied on.   Jurisdiction in this court must clearly appear. *Mooney* v. *Hicks,* 143 Tenn., 413, 225 S. W., 1051; *Lexington Oil Mill Co.* v. *Johnston et al.,* 146 Tenn., 65, 239 S. W., 183.

It therefore becomes necessary for this court to transfer this cause to the court of appeals for its consideration.