## HOWARD & HERRIN, v. NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY CO.

Middle Section.   January 4, 1926.

Affirmed by the Supreme Court, July 3, 1926.

1. **Courts. Jurisdiction.** Under Acts of 1925 the Supreme Court alone has jurisdiction of cases involving constitutional questions.
   Under chapter 100, section 10, Acts of 1925, all cases involving constitutional questions are appealable to the Supreme Court.

2. **Courts. Jurisdiction.** It is essential that a constitutional question shall be directly involved to give the Supreme Court jurisdiction.
   In order to give the Supreme Court jurisdiction, it is essential that the constitutional question shall be directly involved—not as an abstract, theoretical or merely incidental issue, but as an issue presented in good faith substantially determinative of the rights asserted, or the defense relied upon.

Appeal in Error from Circuit Court, of Bedford County; Hon. Jno. E. Richardson, Judge.

J. D. Murphree, of Shelbyville, and J. W. Holman, of Fayetteville, for plaintiff in error.

Fitzgerald Hall, William Waller and Seth Walker, of Nashville, and Thos. N. Greer, of Shelbyville, for defendant in error.

CROWNOVER, J.   On a previous day of this term, November 7, 1925, an opinion was rendered by this court in this case, in which an order was entered striking the case from the docket, because the record failed to show that the final judgment and prayer for appeal had been entered on the minutes of the court below. The plaintiffs in error have filed a petition for a re-hearing of the case, and suggested a diminution of the record. A copy of the final judgment and prayer for appeal, duly certified by the Clerk, is also made a part of the petition, in which it is shown that the final judgment was properly entered on the minutes of the trial court; therefore, the petition to re-hear is granted and the certified copy of final judgment is ordered to be made a part of the record.

After an examination of the record, the assignments of error and briefs, we are of the opinion that this case must be transferred to the Supreme Court because the constitutionality of the statute, sub-section 4 of section 1574 of Shannon's Code has been directly attacked.

The plaintiffs' suit is predicated on this statute, and the plaintiffs must depend upon the statute for a recovery.

The non-observance of this statute, though not the proximate cause of the injury, gives a right of action therefor (Railroad v.

Davis, 104 Tenn., 442; Graves v. Railroad, 126 Tenn., 148, 162; Rapid Transit Co., v. Walton, 105 Tenn., 415; Collins v. Railroad, 9 Heisk., 841, 852); and contributory negligence, however gross, will not operate as a bar to the action, but only goes in mitigation of damages. (Railroad v. Binkley, 127 Tenn., 77, 84).

The plaintiffs cannot recover unless this statute is invoked. The defendant insists that the statute violates the Fourteenth Amendment and the Commerce Clause of the Federal Constitution, and therefore, sub-section 4 of said statute is unconstitutional; hence, the question is directly raised.

The statute, Acts of 1925, Chapter, 100, Section 10, Reorganizing the Appellate Courts, provides that "the jurisdiction of the Court of Appeals shall be appellate only, and shall extend to all cases, excepting those involving constitutional questions," etc. This Statute is broader than the former Act of 1907, Chapter 82, Section 7, which provided that the Court of Civil Appeals had jurisdiction of civil cases, "except cases involving the constitutionality of the Statutes of Tennessee," etc.

So, now, under the present Act, all cases involving constitutional questions are appealable to the Supreme Court, only.

Of course, is order to give the Supreme Court jurisdiction, it is essential that the constitutional question shall be directly involved —not as an abstract, theoretical or merely incidental issue, but as an issue presented in good faith substantially determinative of the rights asserted, or the defense relied upon. See, Schoenlau-Steiner Trunk Top & Veneer Co. v. Hilderbrand et al., 274 S. W. 543.

Hence, an order will be entered transferring the case to the Supreme Court to be tried by that tribunal.

Faw, P. J., and DeWitt, J. concur.

NOTE. The Supreme Court took jurisdiction and disposed of case, thereby affirming this opinion.