C. A. LORING, COMPLAINANT, APPELLANT, *v.* E. R. Mc-
GINNESS *et al.*, DEFENDENTS, APPELLEES.

(*Nashville*, December Term, 1931.)

Opinion filed December 19, 1931.

GEORGE S. BUCKNER, for complainant, appellant.

BROWN & JACKSON and P. C. CROWLEY, for defendants, appellees.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Chapter 558 of the Private Acts of 1931 is a road law for DeKalb County. Complainant, member and chairman of the Central Road Commission, under Private Acts 1921, chapter 364, prays a decree that the Act of

546

1931 is unconstitutional and void. The chancellor ruled against him, on demurrer, and complainant has appealed.

█ The Act is made to apply to DeKalb County by population classification. It is obvious that it can be made to apply to no other county, and is therefore to be treated as if limited in application to that county by name. Since it affects the county only in its governmental capacity, it is not unconstitutional because of its restricted local application. *Stokes* v. *Dobbins,* 158 Tenn., 350; *State ex rel.* v. *Turnpike Co.,* 133 Tenn., 446.

█ Changes made by the Act of 1931 in the system of road construction and maintenance, theretofore controlled by the Act of 1921, are substantial and real, and not merely colorable as in *Smith* v. *Sells,* 156 Tenn., 539. The complainant was therefore not legislated out of office in such manner as to violate any constitutionally vested right. *Haggard* v. *Gallien,* 157 Tenn., 269; *Goetz* v. *Smith,* 152 Tenn., 462; *Holland* v. *Parker,* 159 Tenn., 306.

█ The Act of 1931 directs that the control and management of the county roads "shall be vested in a county road commission, . . . and a county road supervisor employed by the commission." The commissioners are to be elected by popular vote, and are empowered to "employ" the supervisor under section 5, which is:

"That the supervisor herein provided for shall be a citizen and resident of the county and a person of good character and reputation and above the age of twenty-one. He shall be employed by the Commission for a term of not less than 2 years, and said employment cannot be revoked by the Commission, except for good cause."

The powers and duties of the road supervisor are enumerated in section 6 of the Act, by reference to which it will be seen that in all matters of importance, involving the exercise of discretion, he is subject to the direction of the commission. Subsection 4 expressly directs that the supervisor shall "carry out the instructions of the county road commission relative to the opening, closing and changing of roads, and the building and maintenance of roads, culverts and bridges."

The constitutionality of the Act is assailed on the ground that the road supervisor is a county officer, and that he can be selected only by the people or by the county court. Constitution, article 11, section 17.

In *Prescott* v. *Duncan,* 126 Tenn., 106, 145, it was said by this Court that this provision of the constitution was designed to insure against a repetition of conditions existing at the time of its adoption, when "the counties had been afflicted with an orgy of commissions appointed from Nashville, many of them hostile in sentiment and conduct to the people over whom they were set, and most of them appointed because of this hostility." This language is quoted in *Grindstaff* v. *Carter County,* 152 Tenn., 605, 611.

While the supervisor is essential to the system of road control contemplated by the Act of 1931, his specified duties and powers are subordinate, and it is manifest that the rule of local self-government, which is the object of the constitutional provision, is not violated by his employment by a local commission.

Subordinate powers may be vested in an officer or in an employe of the county, according to the judgment of the General Assembly, as evidenced by its statutes. *State ex rel.* v. *Buck,* 138 Tenn., 112, 119. The legisla-

tive intent that the supervisor have the status of a mere employe, and not that of an officer, being expressly declared by the language of the statute, without violation of the spirit or purpose of the constitution, we would not be justified in holding him to be an officer within the application of the constitutional provision invoked. *Prescott* v. *Duncan, supra; Cross* v. *Fisher,* 132 Tenn., 31; *Todtenhausen* v. *Knox County,* 132 Tenn., 168.

It is contended by the complainant that the direction of the statute that the supervisor be employed by the commission "for a term of not less than two years," with no provision for a maximum term or limit of the employment, renders the Act void, "as making possible a monopoly or perpetuity."

If this provision for a minimum term of employment had been omitted from the statute, the right of the commissioners to contract with an employed supervisor for a term of service would be limited as to term by the "rule of reason." A contract of employment, to continue for a period of time, arbitrarily unreasonable in duration, would be clearly beyond the power of the commission to make, as not being in the public interest and therefore beyond the scope of the powers intrusted to the commission. The provision of the statute that each such employment shall be for not less than two years is no more than a legislative declaration that such period is a reasonable term of service to be contracted for, binding the discretion of the commission to that extent. The wisdom or policy of such a provision, being legislative in character, is not a matter within the province of the courts to consider. An employment for a longer term is not prohibited, but to be valid there must be some reasonable relation between the interests of the public and the term

fixed. The discretion of the commission in this regard is limited by the same rules and principles which limit their discretion to fix the amount of compensation to be paid the supervisor under section 6, subsection 9, of the Act, no maximum being there stated. The omission of a provision for a maximum term of employment does not, therefore, confer unlimited or arbitrary power upon the commission.

█ A further contention of the complainant is directed at the method provided for the election of the road commissioners.

The Act creates "a county road commission of five members." The twenty-four civil districts of the county are separated or "grouped" into five zones, "for the purpose of carrying out the terms of this Act and the administration of the road law." "The regularly qualified voters of the civil districts comprising each of the zones hereinbefore provided shall elect a member to serve upon the county road commission."

The several members of the commission being county officers, it is contended that the constitution, article 11, section 17, directing that every county office created by the legislature must be filled "by the people or the county court," can only be satisfied by the election of each member by qualified voters of the entire county, and that the election of a single member by the voters of a district or zone is contrary·to the constitutional provision.

No authority is cited by counsel on this proposition, and we have been able· to find only one case in point. *State* v. *McAllister,* 88 Tex., 284, 31 S. W., 187, 28 L. R. A., 523, is cited as authority for the text in 9 Ruling Case Law, page 1012 (Elections, section 31) : "However it is

competent for the legislature to provide that each ward of a city may elect one alderman or councilman, notwithstanding a constitutional provision that all qualified electors in a city shall have the right to vote for mayor and the other elective officers, as this does not necessarily mean that every elective officer must be elected by the voters of the entire city." Said the court in the case cited: "This section of the constitution does not prescribe that all elective officers shall be elected by the votes of the entire city, but it simply secures to the voters of each city the right to cast their ballots for all officers to be elected for the particular subdivision of the city for which such officers are chosen."

Referring again to the statement of the purpose of the constitutional provision for the local selection of county officers, quoted above from *Prescott* v: *Duncan,* it is clear that this purpose is not violated by the direction for the election of each commissioner by the voters of only a part of the county. If the statute had designated each commissioner as a district commissioner, assigning to him particular duties with respect to the district by which he is elected, there would be no question of the constitutionality of his election. District school directors were so elected over a long course of years, but were nevertheless held to be county officials, forming an "essential part of the county and state school system." *State ex rel.* v. *Jones,* 143 Tenn., 575.

The Chancellor treated this contention by giving particular consideration to the nature of the duties of local road commissioners, and said:

"The county is divided into zones and the qualified voters of each zone are to elect their commissioner. The

Court sees no objection to this provision, especially with respect to the election of road commissioners. The people of each prescribed zone have their own road problems, and the election of a commissioner from each zone would probably result in the election of a commissioner best qualified to deal with the problems of that particular zone, and bring representation directly to the people who are to be affected.

"All of the qualified voters in the county participate in the election, and no voter or no section is prevented from participating in the election of at least one member and thus the right of selection of their officials is preserved close to the people affected."

The legislative purpose to give each section or zone of the county special representation on the commission was as apparent to the Chancellor as if expressly stated, and we think his reasoning sound. The commissioners are elected by the people, and the voters of each section of the county are accorded equal suffrage. We hold, therefore, that the prescribed method of election of the commissioners is in compliance with the constitutional mandate and not in violation of it.

The decree of the Chancellor, sustaining the Act and dismissing complainant's bill, will therefore be affirmed.