HAYNES *v.* SANFORD *et al.*

(*Knoxville,* September Term, 1947.)

Opinion filed November 29, 1947.

TAYLOR & BADGETT, of Knoxville, for appellants.

S. E. HODGES and HARTMAN & HARTMAN, all of Knoxville, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Basing his right to relief on section 9 of Chapter 199 of the Public Acts of 1939, Williams' Annotated Code, Supp. 11715.1-11715.13, Jess Haynes filed the original bill in the Chancery Court of Knox County, against Hite J. Sanford and others, to recover the sum of $1,000 which Complainant alleged he had paid Defendants on their agreement to secure the dismissal of a robbery charge pending against Complainant in the Criminal Court of Knox County, and Complainant sought recovery of an additional $2,000 as the forfeiture provided by the foregoing section of the Act of 1939. He alleged that Defendants had failed to carry out their agreement and that he had been indicted and convicted of the crime.

The Defendants met the bill with a motion to dismiss on the ground that Chapter 199, Public Acts of 1939, and particularly section 9 thereof, William's Ann. Code, sec. 11715.9 violated Art. II, sec. 17, of the Constitution, in that sec. 9 was not covered by the caption. The Chancellor overruled the motion to dismiss and the Defendants then filed an answer denying all material allegations of the bill. ' Proof was taken by depositions and the hearing was according to the forms of Chancery. The Chancellor found that the evidence preponderated in favor of the contentions of the Complainant and entered a decree against the Defendants for $3,000. On account of the fact that a Constitutional question was presented, the Defendants appealed directly to this Court.

The appeal is supported by two assignments of error,—

(1) That the Act violates Art. II, sec. 17, of the Constitution, and

(2) That the weight of the evidence is against the decree of the Chancellor.

We consider the first assignment of error. Prior to the filing of the original bill in this cause, the Defendant Sanford was indicted in Knox County, and convicted for the violations of this Act of 1939. The facts found to support the conviction were substantially those alleged in the bill here to support the civil recovery. In the criminal case, in a motion to quash the indictment, Sanford assailed the constitutionality of the Act of 1939, asserting as he does in the present case, that the body of the Act was broader than its caption and so violates Art. II, sec. 17, of the Constitution. After Sanford's conviction on the criminal charge, he appealed to this Court and made the same attack on the constitutionality of the Act that he now makes. Upholding the Act and Sanford's conviction thereunder, this Court said in the course of an opinion

580

filed on January 1, 1947, in the case of *Sanford* v. *State*s ''It should be observed that the plaintiff in error fails to point out any portion of this Act which is not germane to the general caption thereof. We will not explore the entire Act in the hope of finding some provision of doubtful relevancy to the caption.'' Citing *Kizer* v. *State*, 140 Tenn. 582, 590, 205 S. W. 423.

Sanford and his counsel were bound to have known of this opinion at the time the original bill was filed in this cause and at the time the case was argued in our Court, yet no mention was made of this adjudication until the Complainant filed a supplemental reply brief on October 17, 1947. We think the sufficiency of the caption of the Act of 1939 is established by the former opinion of this Court, and that certainly as to Sanford, the validity of the Act has been adjudicated. *Chattanooga Dayton Bus Line* v. *Burney,* 160 Tenn. 294, 300, 23 S. W. (2d) 669. Since the constitutionality of the Act had already been established and was not, therefore, subject to our reconsideration, the appeal should have been addressed to the Court of Appeals. *Schoenlau-Steiner Trunk Top & Veneer Co.* v. *Hilderbrand,* 152 Tenn. 162, 274 S. W. 543; *Williams* v. *Realty Development Co.,* 161 Tenn. 451, 455, 33 S. W. (2d) 64. However, since the former adjudication of the constitutionality of the Act was made in an unpublished opinion, and since the importance of Ch. 199 of the Public Acts of 1939, and the meritorious purpose of its passage, justifies a published declaration of the validity of the Act, we will retain jurisdiction of the cause.

█ It is the gist of Defendant's position on this appeal, that nowhere in the caption of the Act is there an indication of the matters contained in section 9 of the Act, and especially that the caption gives no intimation of the

forfeiture sued for in the present case. Defendant further asserts that the phrase ending the caption, "and to prescribe punishment for violation," is not an expression broad or general enough "to give the Legislature notice" (*Hunter* v. *Conner,* 152 Tenn. 258, 268, 269, 277 S. W. 71) of the forfeiture provided.

The caption of the Act of 1939 is as follows: "An Act to regulate professional bondsmen in criminal cases; to require financial reports and itemized receipts of them; to empower courts to inquire into their solvency, appoint and compensate investigators for such purpose and impose limitations on their right to do business; to make it unlawful for bondsmen to provide counsel for their principals; or to contact or attempt to control or arrest the disposition or prosecution of criminal cases, or provide immunity from prosecution or arrest; to declare void contracts based on such consideration; to require grand juries to be charged to investigate bondsmen; and to prescribe punishment for violation." Public Acts of the State of Tennessee passed by the Seventy-First General Assembly 1939, p. 782.

It will be observed that the caption starts with a very general provision, "An Act to regulate professional bondsmen in criminal cases," and it has been decided by this Court that in determining whether an Act is within its caption under Art. II, sec. 17, of the Constitution, the general purpose expressed by the first sentence of the caption is not limited by subsequent details and particulars. The rule of *expressio unius exclusio alterius* has no application. *Goetz* v. *Smith,* 152 Tenn. 451, 455-460, 278 S. W. 417.

The purpose of Art. II, sec. 17, of the Constitution was only to give "notice of the nature of the proposed legislation and [prevent] surprise and fraud in

the enactment of laws," *Memphis Street Ry. Co.* v. *Byrne,* 119 Tenn. 278, 104 S. W. 460; it is not necessary for the caption to provide an index, synopsis or catalog of the Act, *Memphis Street Ry. Co.* v. *Byrne, supra; Patterson* v. *Tracy City,* 183 Tenn. 163, 191 S. W. (2d) 432; and so long as the provisions of the body of the Act are "congruous and germane" to the caption, *State* v. *Cumberland Club,* 136 Tenn. 84, 188 S. W. 583, 586; *Frazier* v. *East Tennessee, V. & G. Railroad Co.,* 88 Tenn. 138, 12 S. W. 537, there is no violation of Art. II, sec. 17, of the Constitution. Clearly, within the rules of these authorities, the use of the phrase "and to prescribe punishment for violation," was sufficiently broad and general to give notice to the Legislature of the provision for forfeiture (sec. 9) in case of violation and the forfeiture provided was certainly "congruous and germane" to the broad purpose of "An Act to regulate professional bondsmen in criminal cases." No lawyer or layman could reasonably maintain that the "forfeiture" of $2,000 for the unlawful receipt of $1,000 was not a punishment. Forfeiture is defined as a "punishment" both in Bouvier's Law Dictionary, Rawle's Third Revision, and Black's Law Dictionary and in Webster as a "penalty", which is synonymous with punishment.

■ Appellant further assails the Act on the ground that the forfeiture provided in section 9, and here sued for, redounds to the benefit of a "partner in crime." This argument addresses itself to the Legislature and its policy and motive in enacting the law. It is not a matter with which the judiciary is concerned or for which the Act can be invalidated. This Court in performing its function of construing statutes and declaring their constitutionality, cannot debate or question the advisability, fairness or policy of the law-makers. Such aspects of

legislation are for the Legislature. *Henley* v. *State,* 98 Tenn. 665, 41 S. W. 352, 1104, 39 L. R. A. 126; Judges' Cases, 102 Tenn. 509, 591, 53 S. W. 134, 46 L. R. A. 567. As the Supreme Court of the United States said in response to a similar argument, "We take this statute as we find it." *Anderson* v. *Wilson,* 289 U. S. 20, 27, 53 S. Ct. 417, 420, 77 L. Ed. 1004.

By application of the foregoing authorities we hold that the caption of the Act was sufficient under Art. II, sec. 17, of the Constitution, and the first assignment of error is overruled.

■■ The second assignment of error is as follows: "The learned Chancellor erred in finding that the One Thousand ($1,000.00) Dollars was paid to the Defendant Sanford in consideration of his promise to 'fix' the criminal case pending against the Appellee, the Complainant below. The preponderance of the evidence is against the Chancellor's findings of facts. The Chancellor should have found that the money was paid in compliance with Defendant's demand that he be saved harmless on the bond of Complainant."

Because of the constitutional question, the case is here directly from the Chancery Court and has not been considered by the Court of Appeals. The hearing below was, as stated, on depositions and according to the forms of Chancery. The Chancellor's findings of fact are, therefore, entitled to the weight that would be given them in the Court of Appeals. Our review is *de novo,* but there is a presumption that the Chancellor's decree was correct and that it was based on a preponderance of the evidence. Code sec. 10622; *McCalla* v. *Rogers,* 173 Tenn. 239, 242, 116 S. W. (2d) 1022; *Joest* v. *John A Denie's Sons Co.,* 174 Tenn. 410, 416, 126 S. W. (2d) 312; *Higgins* v. *Lewis,* 23 Tenn. App. 648, 657, 137 S. W. (2d) 308.

On August 2, 1945, Haynes was arrested for the robbery of a man named Snyder. He paid the Tennessee Bonding Company, a partnership composed of Defendants Sanford and McLean, $100 to make his criminal appearance bond. Defendant Remine, an employee of the Company, posted the bond and Haynes was released from jail.

On September 1, 1945, Haynes went to Sanford's home and paid him $1000 in cash. Haynes says that the payment was in consideration of Sanford's promise to "fix" the case. Sanford says that he required the cash payment to indemnify his Company for liability on the appearance bond, because he had been told that Haynes was about to flee the jurisdiction of the Knox County Criminal Court. The receipt given by Sanford to Haynes for the $1000 was written on the back of a business card of the Tennessee Bonding Company, and is as follows:

"9—1—45

Rec. from (for Fee) Jess Haynes

One thousand dollars

$1000.00 H. J. Sanford."

On September 10, the Knox County Grand Jury returned a "not true bill" against Haynes. Haynes made no attempt to have his money returned and Sanford made no attempt to return it. At its next meeting in January, the Knox County Grand Jury returned a "true bill" against Haynes, and immediately after his indictment, Haynes did seek the return of his money and turned the receipt over to the Attorney General.

Haynes' story is materially corroborated by the witness Snyder, the victim of the robbery, who testified that Sanford on more than one occasion, approached him and tried to get him to drop the prosecution.

We agree with the Chancellor that the language of the receipt, "for Fee" and the subsequent actions of Sanford with regard to the recovery of the receipt and the substitution of a re-worded receipt, are convincing proof to support Complainant's case. The further fact that Sanford kept the $1000, and Haynes made no attempt to recover it between September 10, 1945, when the "not true bill" was returned, and Haynes' subsequent indictment in January 1946, is to us conclusive that Haynes had paid for a "fix" and thought he had secured it.

We think the great weight of the evidence supports the Chancellor's finding. The second assignment is over-ruled and the decree affirmed at Appellant's cost.

All concur.