PETERSON *et al. v.* GRISSOM *et al.*

(*Jackson,* April Term 1952.)

Opinion filed June 7, 1952.

28

Joe C. Davis, of Lexington, for appellants.

Joe A. Appleby, of Lexington, for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Chapter 681 of the Private Acts of 1951 is a road law for Henderson County. All of the complainants except one are members of the Road Commission for Henderson County existing prior to the mentioned Act. The other complainant was the supervisor of said roads prior to said Act. The bill in this case was filed challenging the constitutionality of said Act. The Chancellor treated the answer filed to the bill as a demurrer and sustained the demurrer dismissing the bill. The complainants have seasonably perfected their appeal and assigned error.

The Act was made to apply to Henderson County by a population classification. It is limited to Henderson County alone by this population classification and therefore applies to Henderson County as if this County were named in the Act. Since it affects the County only in its governmental capacity, it is not unconstitutional because of its restricted local application. *Stokes* v. *Dobbins,* 158 Tenn. 350, 13 S. W. (2d) 321; *State* v. *Columbia, Godwin & Santa Fé Turnpike Co.,* 133 Tenn. 446, 181 S. W. 682.

The changes made by the Act under attack in the system of road construction and maintenance are substantial and real and not merely colorable. These complainants were not legislated out of office in any such manner as to violate any constitutional right vested in them, the substance of the Act being substantial and real.

The caption of the Act is as follows: "An Act to provide for the *working* and *maintenance* of the public roads

in Counties of this State having a population of not less than 19,200 nor more than 19,300, by the Federal Census of 1940, or any subsequent Federal Census, by establishing a County Highway Commission with authority to employ a supervisor and to prescribe the rights, duties, powers and responsibilities of each.''

It is first insisted that the Act is void because it is contrary to and an inhibition of Article 11, Section 17, of the Constitution, and that it contains more than one subject, and that the body of the Act is broader than the caption. The rather ingenious argument is made under this assignment that since the caption provides merely for the *"working* and *maintenance"* of the public roads that then this means that only roads that are already built in the county may be worked and maintained and that the Act is thus so limited; that since the body of the Act provides for a complete scheme of the maintenance and upkeep, supervision, etc, of the roads in the county that therefore the body of the Act is broader than the caption and for this reason the Act is unconstitutional. We cannot agree with this insistence. Obviously the purpose of the Act was to pass legislation to formulate an entirely new system for the working and maintenance of the roads of Henderson County under the direction of commissioners and a supervisor who was to be employed by these commissioners. It seems to us that these words should not be limited in their meaning merely to the repair and reconstruction of roads already constructed but that they have reference to the maintaining of a system of public roads and highways, and really mean the creating of a road system so as to provide for the upkeep of the highway system of the county. When we read the Act we find that this is exactly what it does do. The word ''maintenance'' is broad enough and should be so construed by us as broad

enough to cover the provisions of the body of the Act. When a statute is susceptible of two reasonable constructions, one that will sustain and one that will destroy the statute, it is the duty of the court to adopt the construction that will preserve the statute. *Texas Co.* v. *Fort,* 168 Tenn. 679, 80 S. W. (2d) 658. We thus must follow the construction above given so that if the words were susceptible to two possible constructions, we must give it the construction so as to save the Act. Frankly we think this the reasonable construction to give the words of the caption.

In thus interpreting the words of the caption of the Act we find that the body of the Act is entirely germane and relevant to the purpose of the Act as is expressed in the caption. So long as the provisions of the body of the Act are congruous and germane to the caption there is no violation of this section of the constitution. *Haynes* v. *Sanford,* 185 Tenn. 576, 206 S. W. (2d) 796.

The next instance is that the Act in question is unconstitutional and violative of Article 11, Section 8 of our Constitution in that it contravenes the general law. The ingenious argument is made here that under this Act a comprehensive and complete road law is made for Henderson County and by so doing certain provisions of two other Private Acts applying alone to Henderson County are in effect made ineffective as to the roads of the county. One of these (other) Acts claimed to be violated is a budget law for Henderson County which was enacted by the Private Acts of 1935, c. 797, and the other is a purchasing agent law applicable alone to Henderson County. The present Act does not contravene a general law within the meaning of the constitutional article and section referred to or any other as far as we know. This present Act merely affects two local laws applying to Henderson

County alone and not to the State as a whole. These Private Acts which apply to this county alone were passed by the Legislature which has the power to, in its discretion, pass Acts of the kind. We, as a Court, do not determine whether one Act or the other is good for the people of the county because this is a legislative matter. All that we do is to determine whether or not the Act as passed violates any constitutional inhibition.

Our cases have made a clear distinction between (1) Private Acts which confer special benefits and impose special burdens on the citizens of one county, when there is no general statute, and when before the private act there was only the common law, and (2) those private acts which undertake to amend or abrogate a prior general statute in its application to a particular county or class of counties. The Private Acts of the first class have invariably been upheld while those of the latter class have been struck down. We think that the Act in question is of the first class and should be upheld. As to whether or not there was reason or justification for exempting the road department of Henderson County from the provisions of the county budget or county purchasing agent laws applicable only to that county, was a matter up to the discretion of the Legislature and does not present a problem for the courts.

Counsel for the appellants make a rather ingenious argument, under another assignment that the Act violates Article 11, Section 8 of our Constitution, in arguing that the provisions of the Act provide that the Commission has jurisdiction and are required to work all roads in the County including State maintained roads as well as county roads. In the first place, from a practical standpoint, we know that this will not be done and that

there was no intention to so provide in the Act. The Act does not so provide. Roads under State maintenance are not maintained and worked by county road crews, etc., as they have more roads than they can maintain and keep up that are outside of State maintained roads. The argument is that since the Act sets up this group to operate the roads in Henderson County it means to take charge of all public roads in the county both county and State public roads and to work and maintain them. For this reason they say it is violative of Article 11, Section 8 of the Constitution. We do not so construe the Act and for reasons above said we are satisfied that this will not be done.

▆▆▆ It is next insisted that the Act in question is unconstitutional and violative of Article 11, Section 17 of the Constitution of Tennessee. This section provides that:

"No county office created by the Legislature shall be filled otherwise than by the people or the County Court."

The basis of this assignment is that the Act provides that the commissioners shall employ a supervisor for a given number of years at a certain maximum salary. The identical question, here raised, was passed on by this Court in *Loring v. McGinness,* 163 Tenn. 543, 546, 44 S. W. (2d) 314 315, wherein this Court held just to the contrary of the insistence here made. It is not necessary for us to repeat again the reasons for this holding. This Court said in the Loring case: "While the supervisor is essential to the system of road control contemplated by the act of 1931, his specified duties and powers are subordinate, and it is manifest that the rule of local self-government, which is the object of the constitutional provision, is not violated by his employment by a local commission."

The mere fact a person may hold a public office whose duties are strictly confined to county affairs, and whose salary is paid by the county, does not make it a county office as contemplated by this section of the Constitution. *Dykes* v. *Hamilton County,* 183 Tenn. 71, 191 S. W. (2d) 155, 158. This section refers to vacancies occurring immediately upon the creation of the county office. It is not violated by Private Act setting up a road commission, as herein, and naming certain individuals to serve until the next election as was done in this Act. Here the vacancy referred was not one which existed upon the creation of the office, but comes within constitutional Article 7, Section 4, which provides that the filling of vacancies when not otherwise directed by the Constitution "shall be made in such manner as the Legislature shall direct."

The decree of the Chancellor sustaining the demurrer and dismissing the bill is, for reasons stated herein, affirmed.