ARTHUR WILLIAMS *et al. v.* HAROLD COTHRON *et al.*

(*Nashville,* December Term, 1955.)

Opinion filed March 9, 1956

---

ALBERT WILLIAMS, HUGH C. HOWSER and JAMES W. CHAMBERLAIN, all of Nashville, for appellants.

C. R. JENT, of LaFayette, and SOLON FITZPATRICK, of Carthage, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This case involves the constitutionality of Chapter 249 of the Private Acts of 1947, as amended by Chapter 103 of the Private Acts of 1949, applicable to Macon County. Chapter 103 of the Acts of 1949 is not really involved in the case now under consideration.

The original bill in this cause was filed by certain citizens and taxpayers of Macon County against the County Road Supervisor of the county, members of the Road Commission, and the County Trustee. The Attorney General of the State is also made a party defendant. He is not a necessary party, however.

The bill alleges that the aforesaid Act, as amended, is unconstitutional because the Act diverts a public fund for a purpose for which it was not intended to apply, thus increasing their tax burden; also that it is violative of Article 11, Section 17 of the Constitution of Tennessee, which provides:

"No County office created by the Legislature shall be filled otherwise than by the people or the County Court."

The bill further charges that it violates Article 11, Section 8, of the Constitution in that it suspends the general law "for the benefit of individuals" etc.

Contention is made that the Private Act, herein assailed, was based upon a population classification and that Macon County had fallen out of that particular classification.

The defendants demurred to the bill on the ground that a county did not fall out of the population classification by a change in population. This issue is conceded by complainants, who are appellants in the case.

The second ground of the demurrer raises the question that the Private Act did not create a county office, or provide for the election of a county officer in violation of Article 11, Section 17, of the Constitution of Tennessee.

The third ground of the demurrer challenged the allegation that the Private Act suspends a general law of the State and permitted money to be illegally diverted from what it was intended to be used for by the general law.

The Chancellor sustained the demurrer 'and granted an appeal to this Court.

The Act herein assailed is a road law for Macon County. It created "a Road Commission and a Supervisor of Roads, the control and management of which department shall be vested in the said Road Commission and said Supervisor * * *."

"Said Commission and said Supervisor shall have general supervision and control over all County roads, bridges and highways in Counties within the scope of this Act, except roads, bridges and highways which are constructed and maintained by the State or Federal Governments, and over all road, bridge or highway funds now on hand or which may be hereafter raised or received from any source.

*  *  *  *  *  *

"Sec. 5. *Be it further enacted,* That there is hereby created the office of County Road Supervisor of said County, who shall be selected and/or chosen by the members of said Road Commission, who shall serve only during the will and pleasure of said Commission. No Supervisor shall be selected or chosen by said Commission who is not qualified as hereinabove provided for, and should a person be appointed or selected without these qualifications he shall be

subject to injunction in attempting to execute any duties or authority given him herein, in any Court having jurisdiction.''

It thus appears that the Road Supervisor was to be chosen by the five members of the Commission and serve ''during the will and pleasure of said Commission.'' His salary is fixed at ''not less than One Hundred Fifty ($150.00) Dollars per month, nor more than Two Hundred ($200.00) Dollars per month.''

The Chancellor was of opinion that the Act was constitutional.

The principal assignment of error argued before the Court was that the Act violated the Constitution which provides: ''No County office created by the Legislature shall be filled otherwise than by the people or the County Court.''

The authorities cited by the complainants on their brief were no doubt urged in the trial court as controlling this issue, and that the Act created an office in violation of the Constitution. The learned Chancellor in his memorandum opinion filed with the record says:

''I am of the opinion that the Legislature did not intend under this Act to create an office within the meaning of Article 11, Section 17 of the Constitution. It is my opinion that the provisions of an oath and a bond and other criteria relied upon by the complainant are not determinative. It is true the Act refers to the Supervisor as an officer, but in the latter part of Section 7 of the Act he is also referred to as employed and selected by the Commission. The designation of the position as an office is not conclusive. I do not believe that any Tennessee case has been cited by complainants, or found, holding that an office is created where a definite term is not provided for.

■ ■ "The present case is more analogous to the Act construed in the case of Loring v. McGinness, 163 Tenn. 543 [44 S. W. 2d 314], than any other Act examined. The Act in that case was held valid. That Act provided that the Supervisor be employed for a term of not less than two years, yet the Court held it did not create an office. There are some differences in the Macon County Act and the DeKalb County Act of course, but it is my opinion that the DeKalb County case is good authority for holding the Act valid in this case. Any doubt as to the validity of the Act must be resolved in favor of the constitutionality thereof. I think after considering the Act as a whole the Road Supervisor is a subordinate employee."

We have given full consideration to the cases cited by appellants, such as *Davis* v. *Williams,* 158 Tenn. 34, 12 S. W. (2d) 532, and *State ex rel. Harris* v. *Buck,* 138 Tenn. 112, 196 S. W. 142.

■ In many cases, cited by counsel, the Court in deciding the constitutionality of a particular Private Act is not so concerned with the name of the position created, whether an "office" or an employee, but was it the legislative intent to create one or the other. The cases are almost without number dealing with this question, and it would be a herculean task to distinguish them. We have held that each and every case must depend upon its own statement of facts and the language used in each Private Act as to its constitutionality.

■ "Under all the authorities, it is the Court's duty to sustain the act if it is possible to do so." *Dykes* v. *Hamilton County,* 183 Tenn. 71, 191 S. W. (2d) 155, 159. In *Donathan* v. *McMinn County,* 187 Tenn. 220, 213 S. W. (2d) 173, the Court held:

"Where statute is susceptible of two constructions, one of which may render it valid and the other invalid, courts adopt construction which will render act valid.

"The legislative intent will prevail over strict letter or literal sense of language used in statute, and to carry such intent into effect, general terms will be limited and narrow terms expanded."

To the same effect is *Peterson* v. *Grissom,* 194 Tenn. 26, 250 S. W. (2d) 3, opinion by Mr. Justice Burnett.

We think, as did the Chancellor, that the instant case is controlled by *Loring* v. *McGinness,* 163 Tenn. 543, 44 S. W. (2d) 314, and cases cited therein.

█ In responding to the question raised that the Act authorizes a diversion of funds contrary to the general law, we feel that revenue derived from State gasoline funds paid over to the several counties, authorizes the use of such funds for repairing and improving county roads and bridges, and that the payment of salaries of the Commissioners, etc., and the expense of maintaining a county garage is not an unlawful diversion of road funds and in violation of the Constitution.

█ █ Finally we concur with the holding of the Chancellor that compensation for taking of private property under the power of eminent domain as provided for in Section 10(2) of the Act cannot be paid from County Aid funds. This provision is elided and does not effect the validity of other sections of the Act.

The assignments of error are overruled, and the Chancellor's decree is affirmed.