MARY V. WILLIAMS *v.* REALTY DEVELOPMENT COMPANY.

(*Knoxville,* September Term, 1930.)

Opinion filed November 28, 1930.

MYERS E. HARTMAN and FRANK MONTGOMERY, for plaintiff in error.

JOEL H. ANDERSON and SAM E. YOUNG, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This case was tried in the circuit court upon declaration, plea and proof, to determine whether or not the plaintiff in error is entitled to a commission alleged by her to have been earned in bringing about the sale of a tract of real estate belonging to the defendant.

Among the defenses interposed was a contention of the defendant that the plaintiff was not entitled to sue for the commission because she had not paid the privilege tax levied on real estate agents. To meet this defense the third count of the declaration averred that the privilege tax referred to had been paid by the plaintiff before the institution of her suit.

This position was assumed by the plaintiff in reliance upon the provisions of the General Revenue Act in force at the time of the transaction involved, Acts 1925, chapter 134, section 14. This section of the Revenue Act directs that no suit be dismissed or defeated because of the failure to pay the privilege tax required, if the tax

shall have been paid before the institution of such suit. It contains an exemption in favor of counties and municipalities, limited to causes of action accrued prior to the passage of the act.

The circuit court rendered judgment upon a verdict for the defendant, and overruled the plaintiff's motion for a new trial. The plaintiff was granted an appeal to the Court of Appeals. That court transferred the appeal to the Supreme Court, upon the ground that the appeal presents a question as to the constitutionality of the provision of the Revenue Act of 1925, above referred to.

It does not appear from the record that this constitutional question was in any way presented or considered in the circuit court. The question was not made by plea or motion in that court. It appears to have been raised for the first time by the defendant on the last page of its reply brief, filed in the Court of Appeals, whereon the defendant contends that the exemption in favor of counties and municipalities has the effect of conferring a special privilege upon counties and municipalities which is denied to individual defendants in violation of the "due process of law provision of the constitution."

A litigant, as a condition precedent to his right to attack the constitutionality of a statute on the ground that it confers a special privilege upon an individual or a class, must show himself to be adversely affected. The existence of this right to be heard against a statute on the ground that it creates an arbitrary discrimination against the litigant, may therefore often depend upon proof that the litigant falls within the class discriminated against. *Hyde* v. *State,* 131 Tenn., 208; *Noell* v. *Eastern Power Co.,* 130 Tenn., 245; *Palmer* v. *Southern Express Co.,* 129 Tenn., 116.

■ The right to attack the constitutionality of a statute upon such ground may be waived by the person adversely affected. It is obviously a right which should be invoked seasonably. We are of the opinion that such a question cannot be made against the statute for the first time on appeal; certainly not in a case at law, wherein the appeal is in the nature of a writ of error and the hearing in the appellate court is not *de novo*.

■ We are further of the opinion that the constitutional question raised by the defendant in the Court of Appeals is of no practical moment, but is merely an abstract or theoretical issue, wholly insufficient to determine the course of the appeal. *Schoenlau-Steiner Trunk, etc., Co.* v. *Hilderbrand*, 152 Tenn., 162.

The statutory provision relied upon by the plaintiff purports to forbid the dismissal of a suit because of the nonpayment of "the privilege tax on such privileges as herein required at the time of the cause of the suit occurred," provided the privilege tax "herein required" is paid before the institution of the suit. The exemption which is attacked as conferring a special privilege on counties and municipalities, is expressly limited to suits against counties or municipalities "the cause of action against which accrued prior to the passage of this act."

Section 14 of the Revenue Act of 1925 has reference only to a plaintiff's payment of, or failure to pay, a privilege tax imposed by that particular act. It refers to the payment of a privilege tax "herein required." It therefore has no application to a plaintiff's failure to pay a privilege tax imposed by some previous revenue act. A cause of action which had accrued prior to the passage of the Act of 1925; that is, one in which the rights of the parties had become fixed before its passage,

could not in any way be affected by the plaintiff's failure to pay a tax imposed by that act. By its express terms the provision invoked by plaintiff herein applies only to causes of action involving the exercise of a privilege taxed by the Act of 1925, and, therefore, only to privileges exercised and causes of action accrued after its passage. The exemption in favor of counties and municipalities as defendants in actions which had accrued prior to the passage of the act is therefore meaningless and ineffective, and cannot possibly confer upon them any benefit or advantage denied to other classes of litigants.

The cause of action asserted by the plaintiff against the defendant herein accrued after the passage of the Revenue Act of 1925. The provision of the statute invoked by the plaintiff applies alike to all causes of action which may have accrued subsequent to the date of the passage of the Revenue Act. There is, therefore, no support for the claimed discrimination.

For the reasons stated, we are of the opinion that the appeal in error to the Court of Appeals did not involve a constitutional question, so as to deprive that court of jurisdiction; and the case is accordingly remanded to the Court of Appeals for disposition of the appeal originally prayed and granted to that court.