CHARLES K. GAMBLE

*v.*

RALPH KELLEY, Mayor of the City of Chattanooga and
James Turner, A. L. Bender, Dean Petersen and George
McInturff, Board of Commissioners of the City of
Chattanooga, Tennessee

409 S.W.2d 374.

(*Knoxville,* September Term, 1966.)

Opinion filed November 14, 1966.

ARVIN H. REINGOLD, Chattanooga, for Charles K. Gamble.

ELLIS K. MEACHAM, Chattanooga, for Ralph Kelley, Mayor, etc., et al.

MR. JUSTICE DYER delivered the opinion of the Court.

This case involves an appeal, by way of common law writ of certiorari under T.C.A. sec. 27-914, from an administrative ruling of the Board of Commissioners of the City of Chattanooga, Tennessee (referred to in this opinion as the Board).

On 7 May 1965 James T. Turner, Commissioner of Fire and Police for the City of Chattanooga, Tennessee and as such a member of the Board, suspended Charles K. Gamble, a member of the Chattanooga Police force, from duty pending an investigation into certain charges against Gamble. On 20 May 1965 Gamble requested a hearing before the Board. On 21 May 1965 Commissioner Turner suspended Gamble for thirty days without pay

and transferred him from the police department to the fire department. On 25 May 1965 Gamble again notified the Board of his desire to appeal and a hearing on Commissioner Turner's ruling.

On 11 June 1965 a full hearing was had before the Board with Commissioner Turner, as a member of the Board, abstaining from voting. The Board upheld the order suspending Gamble for thirty days without pay. There was also a ruling the transfer of Gamble from one department to another (police department to the fire department) was not a matter subject to appeal to the Board.

On 4 August 1965 the cause was appealed to the Chancery Court for Hamilton County by grant of certiorari as prayed for in the petition filed by Gamble. The sections of the Charter of the City of Chattanooga, pertinent to the issues, are as follows:

*Section 13-20. Grant of tenure; arbitrary, etc., dismissal, etc., prohibited; effective date.* All firemen, policemen and detectives of the City of Chattanooga **shall have** safe tenure on their jobs so long as they properly and efficiently fulfill the duties of their respective positions. They shall not be discharged, or suspended for political or religious reasons or for any other unjust or arbitrary cause. This Act shall apply to all firemen, policemen and detectives of the City of Chattanooga serving as of the effective date of this Act; provided, however, that this Act shall apply to only those firemen, policemen and detectives who have been employed for more than one year. (Priv. Acts 1953, c. 141, Sec. 2.)

*Section 13-23. Dismissal, suspension, etc.—to be in accord with chapter.* No fireman, policeman or detective shall be dismissed, or suspended, except as provided in this Chapter. (Priv.Acts, 1953, c. 141, Sec. 2.)

*Section 13-24. Same—Written charges to be filed.* Any fireman, policeman or detective who shall be discharged, suspended, or laid off, shall be furnished with written charges within twenty-four hours from such discharge, suspension, or lay-off action, specifically stating the offense or offenses with which he is charged, which shall be signed by the Commissioner of Fire and Police.

*Section 13-25. Same—Hearing.* Any fireman, policeman or detective who is discharged, suspended or laid off and who claims that such discharge, suspension, or lay-off, was made for political or religious reasons, or otherwise in violation of the provisions of this Act, may request, and shall have the right to have a hearing before the City Commission, and such employee, or employees, will have the right to have witnesses subpoenaed for such hearing without discrimination, or coercion being used against them for serving as witnesses in such hearing. A copy of said request shall be furnished to the Commissioner of Fire and Police. Said Commission, shall, within fifteen (15) days after said appeal, set a time and place for a hearing. Upon such hearing both the employee and his superior authority whose action is reviewed shall have the right to appear at the hearing and plead his cause in person or by counsel; and the right to present proof. The Mayor shall have the right and duty to administer oaths, subpoena witnesses, compel the production of books and papers pertinent to any hearing, and shall

have the right to file proceedings in the Circuit Court of Hamilton County for appropriate action for contempt against any person failing or refusing to answer or obey a summons, and to give and produce testimony before said board. Any person who shall fail to appear in response to a subpoena or to answer any questions or produce any books or papers pertinent to any such proceeding or proceedings, or hearing, or who shall knowingly give false testimony in connection therein shall be guilty of a misdemeanor.

The hearing may be private or public, in the discretion of the Commission. If the Commission finds that the employee was discharged, suspended, or laid off, for a political or a religious motive, or in violations of the provisions of this Act, the appealing employee shall be reinstated without loss of faith. The Commission shall have the duty and power to affirm, reverse, set aside or modify the order of discharge, suspension, or lay-off, as theretofore made by the superior officer of such employee. Any and all employees discharged, or suspended in the event that such employee or employees are proven innocent of said charges by the City Commission or any other of the courts will be reinstated at his position he held when charges were made, with full retroactive pay for the time lost. A copy of the order of the Commission shall be furnished to the proper city official. In the event said order directs the reinstatement of said employee, or retroactive pay, it shall be the ministerial duty of the cognizant officials of the City of Chattanooga to comply with the terms thereof. (Priv.Acts 1953, c. 141, Sec 2.)

The Chancellor found the Board in error in refusing to review the action of Commissioner Turner in trans-

ferring Gamble from the Police Department to the Fire Department. The Chancellor said:

In this connection, it is necessary to determine precisely what rights to tenure are given the petitioner (Gamble) by the City Charter provisions above quoted. Section 13-20 provides: ''All firemen, policemen and detectives of the City of Chattanooga shall have safe tenure *on their jobs* so long as they properly and sufficiently fulfill the duties of *their respective positions.* Section 13-25 of the City Charter provides: ''The hearing may be private or public, in the discretion of the commission. If the commission finds that the employee was discharged, suspended or laid off for a political or a religious motive, or in violations of the provisions of this Act, the appealing employee shall be reinstated without loss of faith. The commission shall have the duty and power to affirm, reverse, set aside or modify the order of discharge, suspension or lay-off, as theretofore made by the superior officer of such employee. Any and all employees discharged or suspended in the event that such employee or employees are proven innocent of said charges by the city commission or any other of the courts will be reinstated *at his position he held when charges were made* with full retroactive pay for the time lost. In the opinion of the Court, these provisions guarantee to police officers tenure in their ''respective positions'' as police officers. Otherwise, the provision that in the event the officer is found innocent of charges preferred before the City Commission, he should be ''reinstated at his position he held when charges were made'' makes no sense. (Chancellor's Memo)

■ We agree with the Chancellor Gamble had a right to appeal his transfer for a hearing before the Board.

The Chancellor found the Board held an ex parte hearing on 21 May 1965 prior to the formal hearing on 11 June 1965. That at this ex parte hearing, held without notice to Gamble or his counsel, the complaining witness against Gamble was interrogated and the wound on his head examined. The Chancellor found the Board, in holding the ex parte hearing, acted capriciously and arbitrarily and then stated in his memorandum opinion the following:

Counsel for the Commission in this Court argues that petitioner (Gamble) has failed to show that this ex parte hearing was prejudicial to his rights, but the Court, especially in view of the fact that judicial review of the Commission's acts is limited to that afforded by common law certiorari, is of the opinion that prejudice is shown by the very fact that the ex parte hearing was conducted. Who can say what effect evidence obtained at that time had upon the minds of the City Fathers? It is, of course, an elemental requisite of due process that evidence offered against a person should be offered in his presence after notice and with an opportunity afforded him to cross-examine the witness. (Chancellor's Memo)

Under this record it is apparent there was no ulterior motive in holding the ex parte hearing nor is there any evidence this hearing was prejudicial to Gamble; yet we think it is of such importance as to be controlling in the case at bar. The reason is not to be found in what occurred at the ex parte hearing but the possibilities such offers to question the fairness of judicial process. In

318

*Morgan v. United States,* 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129 (1938) Mr. Chief Justice Hughes in dealing with administrative agencies said:

> The maintenance of proper standards on the part of administrative agencies in the performance of their quasijudicial functions is of the highest importance and in no way cripples or embarrasses the exercise of their appropriate authority. On the contrary, it is in their manifest interest. For, as we said at the outset, if these multiplying agencies deemed to be necessary in our complex society are to serve the purposes for which they are created and endowed with vast powers, they must accredit themselves by acting in accordance with the cherished judicial tradition embodying the basic concepts of fair play. 58 S.Ct. 773.

In the case at bar Gamble, under the provisions of the City Charter, had a right to a hearing and to be present in person or by counsel. This means no evidence may be adduced against him outside of this hearing and the fact there was substantial evidence, introduced at the regular hearing, to support the Board's ruling is immaterial.

The Chancellor remanded the cause to the Board with instructions to conduct another hearing within fifteen days. The Board complains of this action on the ground, that if the ex parte hearing made the proceedings illegal, then such would make any other hearing illegal and in fact Gamble will escape all punishment. Since the Board is the only authority having original jurisdiction in the matter we have to agree, even though such means Gamble will escape punishment, if guilty, and this record does support the finding of guilty by the Board. We have to

weigh whether failure of justice in the case at bar is a greater or lesser evil than doing violence to our own "cherished judicial tradition embodying the basic concepts of fair play." Since the choice has to be made we think the failure of justice in the one case at bar is the lesser evil.

The Board insists the above copied provisions of the Charter of the City of Chattanooga are unconstitutional insofar as they attempt to give a preferred status of tenure in specific positions to fireman, policeman and detectives in the Department of Fire and Police while giving no such privileges to other employees such as dispatchers, clerks, secretaries and technicians in the same department. These sections of the Charter were enacted by Chapter 141, Private Acts of 1953.

This question of constitutionality has been raised for the first time in this court. In *Williams v. Realty Development Company,* 161 Tenn. 451, 33 S.W.2d 64 (1930) this court said:

A litigant, as a condition precedent to his right to attack the constitutionality of a statute on the ground that it confers a special privilege upon an individual or a class, must show himself to be adversely affected. 161 Tenn. 451, 33 S.W.2d 64.

There is no showing here the Board has been adversely affected by this statute. In fact the Board proceeded in this cause under the terms of this statute. We think under these circumstances the attack on the constitutionality of this statute comes too late. See *Williams v. Realty Development Company,* supra.

It results Charles K. Gamble shall be restored to his position as a policeman for the City of Chattanooga,

Tennessee and be paid any salary lost by reason of being suspended. The cause is remanded to the Chancery Court for any necessary orders in accord with this opinion.

BURNETT, CHIEF JUSTICE, CHATTIN and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.