**Walter H. MALLICOAT,
Plaintiff-Appellant,**

**v.**

**Joyce Loraine POYNTER, et al.,
Defendants-Appellees.**

Court of Appeals of Tennessee,
Eastern Section.

Oct. 9, 1986.

Permission to Appeal Denied by
Supreme Court Dec. 29, 1986.

James S. MacDonald, Jenkins & Jenkins, Knoxville, for plaintiff-appellant.

Joel H. Anderson, Jr., Knoxville, for defendant-appellee, Joyce Loraine Poynter.

OPINION

FRANKS, Judge.

Plaintiff's action contesting the validity of the will of Bessie Love Sweet was dismissed by summary judgment on the basis the judgment upholding the will in a previous will contest was *res judicata.*

Prior to the filing of this action, the Circuit Court of Knox County had determined the validity of the will. The previ-

ous contest had been filed by twelve different parties, all relatives of the deceased.

Plaintiff argues he should not be bound by the results of the first will contest because he did not receive any notice of the proceedings.

In *Petty v. Call*, 599 S.W.2d 791 (Tenn.1980), the Supreme Court held that while interested parties have a right to intervene in a will contest, neither the legislature nor the courts have required the giving of notice to all interested parties. In such cases, the proceeding is not an action between the parties but *in rem*, and the judgment binds all persons, whether a party to the proceeding or not. *Durell et al. v. Martin et al.*, 172 Tenn. 97, 110 S.W.2d 316 (1937); *Lillard v. Tolliver*, 154 Tenn. 304, 285 S.W. 576 (1926); *Patton v. Allison*, 26 Tenn. 320 (1846). The rationale was expressed in the early case of *Brown v. Brown*, 86 Tenn. 277, 319, 6 S.W. 869, 7 S.W. 640 (1888):

> It may be sufficient to say that in proceedings *in rem*, all persons in interest are parties—or, as it is sometimes said, the whole world are parties, and any person having an interest in the property may interpose a claim and prosecute an appeal from the sentence or decree; and it is said that notice is served upon the thing itself, and that thereby all persons interested are presumed to have notice, because it is the part of common prudence for all persons who have an interest in the property to guard that interest by persons who are in a situation to protect it.

Plaintiff's averments of lack of notice do not establish a basis as a matter of law for voiding the circuit court judgment.

Plaintiff also argues the procedure which does not require notice to all interested parties in will contests violates his due process rights under the Constitutions of the state and the United States. It does not appear from the record that any constitutional challenge to the will contest procedures was raised at any time in the proceedings in the trial court and the issue is raised for the first time on appeal.

It is well established that constitutional issues cannot be raised for the first time on appeal unless a statute is clearly and blatantly unconstitutional. *Gamble v. Kelley*, 219 Tenn. 311, 409 S.W.2d 374 (1966); *Williams v. Realty Dev. Co.*, 161 Tenn. 451, 33 S.W.2d 64 (1930). *Accord: Lawrence v. Stanford*, 655 S.W.2d 927 (Tenn. 1983).

The jurisdiction of this court is appellate only and we consider those issues which are timely brought to the attention of the trial court. It is, therefore, inappropriate to consider plaintiff's challenge to the constitutional validity of T.C.A., § 32–4–101, *et seq.* The practical reason for this was noted in *Lawrence:* If the constitutional challenge is not raised in the trial court, no opportunity is afforded for the introduction of evidence which may be pertinent in determining the validity of the statute. 655 S.W.2d at 929.

We affirm the judgment of the trial court and remand at appellant's cost.

PARROTT, P.J., and GODDARD, J., concur.