Reversed and Remanded and Majority and Concurring Opinions filed January
16, 2003















Reversed and
Remanded and Majority and Concurring Opinions filed January 16, 2003.

 

            

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-01201-CV

____________

 

JAMES WOJCIK, JANETTE MEDLIN, DIANE WOJCIK, AND

VERONICA WHITE,
Appellants

 

V.

 

SOPHIE
WESOLICK, INDEPENDENT ADMINISTRATRIX OF THE ESTATE OF ADAM
WOJCIK, DECEASED, Appellee

 

____________________________________________

 

On Appeal from
the County Court at Law

Walker County, Texas

Trial Court
Cause No. 6325

 

____________________________________________

 

M A J O R I
T Y   O P I N I O N

            This appeal arises out of a will
contest.  Appellants/will contestants
James Wojcik, Janette Medlin, Diane Wojcik, and Veronica White (collectively “Contestants”)
challenge the trial court’s summary judgment against them.  Appellee Sophie Wesolick, 
Independent Administratrix of the Estate of
Adam Wojcik, Deceased (the “Wojcik
Estate”) maintains the trial court properly granted summary judgment because
the Contestants did not join two will beneficiaries as parties to their will
contests.  Under the unambiguous language
of the Texas Probate Code, the Contestants were not required to join these will
beneficiaries as parties.  Therefore, we
sustain the Contestants’ second issue and reverse and remand for further
proceedings.

                               I.
Factual and Procedural Background

            Sophie Wesolick,
Gerald Slott, and Elizabeth Novark
filed an application to probate the will of Adam Wojcik.  Wesolick, Slott, and Novark alleged that
they were the only distributees named in Adam Wojcik’s holographic will and asked the court to designate Wesolick as independent administratrix.   They also “waive[d] the issuance and service
of citation and enter[ed] their appearance in that cause for all purposes.” The
trial court admitted the will to probate and appointed Wesolick
independent administratrix.  Veronica White later filed a will contest
because the will had holes physically cut in it, suggesting that some of the distributees had been cut out of the will, literally.  White also alleged that Wesolick’s
name was in a different color ink and that someone other than Adam Wojcik may have 
added Wesolick’s name later, thereby
invalidating the holographic will. Thereafter, Diane Wojcik
and James Wojcik also filed will contests.  Janette Medlin intervened but sought no
affirmative relief.[1]

            The Wojcik
Estate filed a motion for summary judgment asserting that all necessary and
indispensable parties were not joined in the will contest within the
limitations period.  Specifically, the Wojcik Estate argued the will contest was time-barred
because (1) all of the beneficiaries named in the will were not joined as
parties or served with citation during the two-year limitations period
applicable to will contests; and (2) all persons who would inherit if the will
fails were indispensable parties, and they were not joined as parties or served
with citation during the limitations period. 
The trial court granted the Wojcik Estate’s
motion.  

                                                        II.
Issues Presented

            The
Contestants assert the trial court erred because (1) heirs at law are not
indispensable parties to a will contest; (2) the Texas Probate Code does not
require the joining of all beneficiaries; (3) the named beneficiaries were
properly before the court because they signed the application to probate the
will and because Slott and Novark
signed waivers of service; (4) the Wojcik Estate
should be foreclosed from obtaining summary judgment on the ground that the
deceased’s heirs at law were not made parties to the suit because the Wojcik Estate did not name all of them as potential parties
in response to discovery requests; and (5) the Wojcik
Estate should have challenged the failure to join allegedly indispensable
parties by a motion to abate rather than by a motion for summary judgment.  

                                                   III.
Standard of Review

            The standard for reviewing
this summary judgment is whether the Wojcik Estate
has shown that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law.  See KPMG Peat Marwick v. Harrison County
Housing Fin. Corp., 988 S.W.2d
746, 748 (Tex.
1999).  In conducting our review, we take
as true all evidence favorable to the Contestants, and we make all reasonable
inferences in their favor.  See id. 
The Wojcik Estate is entitled to summary
judgment if it has pleaded and conclusively established each element of its
affirmative defense of statute of limitations. 
See Science Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex.
1997).  

            Because the trial court did not
specify the grounds for its ruling, we will affirm if any of the theories
advanced in the motion has merit.  See Carr
v. Brasher, 776 S.W.2d 567, 569 (Tex.
1989).  Although the Wojcik
Estate asserted two grounds in its motion for summary judgment, it has
abandoned one of those grounds on appeal, stating in its brief that it “does
not contend at this time that heirs are necessary and indispensable parties to
a will contest.”  Because the Wojcik Estate has abandoned this ground on appeal, we do
not address it in this opinion, and we do not address the Contestants’ first
and fourth issues, which deal only with this ground.  See
Hall v. Tomball Nursing Ctr., Inc., 926 S.W.2d 617, 619 (Tex. App.—Houston
[14th Dist.] 1996, no writ) (holding that court of appeals need not address
ground in motion for summary judgment that appellee
abandons on appeal). 

                                                                 IV.
Analysis

A. 
Were the Contestants required to join Slott
and Novark?

            On appeal, the Wojcik
Estate asserts that section 93 of the Texas Probate Code bars the will contests
in this case because the Contestants did not join Slott
and Novark within two years of the admission of the
will to probate.  See Tex. Prob. Code §
93.  In this argument, the Wojcik Estate asserts that Texas Rule of Civil
Procedure  39, entitled “Joinder of Persons Needed for Just Adjudication,” applies
to will contests and requires a will contestant to join all beneficiaries under
the will as necessary and indispensable parties.  Of the three beneficiaries allegedly named in
the will, the Wojcik Estate admits Wesolick was properly joined, but it complains the
Contestants did not join the other two — Slott and Novark.

            In their second issue, the
Contestants assert that, under the unambiguous language of the Probate Code,
will contestants are not required to join beneficiaries such as Slott and Novark.  We agree. 
The Probate Code does not require joinder of
all interested persons in a will contest. 
See Jones v. LaFargue,
758 S.W.2d 320, 323 (Tex. App.—Houston [14th Dist.] 1988, writ denied).  Nor does it generally require service of
citation, or even notice.  Section 33(a)
of the Probate Code states that no person need be joined as a party or given
notice of proceedings under the Probate Code unless the Probate Code expressly
so provides:

(a) When Citation or Notice Necessary. No person need be cited or
otherwise given notice except in situations in which this Code expressly
provides for citation or the giving of notice; provided, however, that even
though this Code does not expressly provide for citation, or the issuance or
return of notice in any probate matter, the court may, in its discretion,
require that notice be given, and prescribe the form and manner of service and
return thereof. 

Tex. Prob. Code § 33(a).  The Probate Code does not expressly provide
that a will contestant must join or give notice of the will contest to any
party.  See id. § 93; Jones, 758
S.W.2d at 323.  Though a probate court
has discretion to require notice, there is no evidence the court did so in this
case.  See Tex. Prob. Code §
33(a). 

            We review the trial court’s
interpretation of applicable statutes de novo. 
See Johnson v. City of Fort Worth, 774
S.W.2d 653, 655–56 (Tex.
1989).  In construing a statute, our
objective is to determine and give effect to the Legislature’s intent.  See
Nat’l Liab. & Fire Ins. Co. v. Allen, 15
S.W.3d 525, 527 (Tex.
2000).  If possible, we must ascertain
that intent from the language the Legislature used in the statute and not look
to extraneous matters for an intent the statute does not state.  Id.  If the meaning of the statutory language is
unambiguous, we adopt the interpretation supported by the plain meaning of the
provision’s words.  St. Luke’s Episcopal Hosp. v. Agbor, 952
S.W.2d 503, 505 (Tex.
1997).  We must not engage in forced or
strained construction; instead, we must yield to the plain sense of the words
the Legislature chose.  See id.  

            An essential aspect of the Wojcik Estate’s argument is that Rule 39 applies to will
contests and requires that will contestants join necessary and indispensable
parties.  This argument fails because it
is contrary to the unambiguous language of the Probate Code.  Significantly, the Texas Rules of Civil
Procedure apply to will contests only to the extent they do not differ from the
procedure established by the Probate Code. 
See Tex. R. Civ. P. 2; Cunningham v. Parkdale
Bank, 660 S.W.2d 810, 812 (Tex. 1983); see
also Johnstone v. State, 22 S.W.3d 408, 409 (Tex.
2000) (“[W]hen a rule of procedure conflicts with a statute, the statute
prevails unless the rule has been passed subsequent to the statute and repeals
the statute as provided by Texas Government Code section 22.004.”).  Under the unambiguous language of section
33(a) of the Probate Code, it is not necessary to join any person as a party or
give notice of probate proceedings unless the Probate Code expressly so
provides.  No provision of the Probate Code
expressly provides that will contestants must join or give notice to will
beneficiaries or to any other parties. 
Because Rule 39 conflicts with the unambiguous language of the Probate
Code, it does not apply to these will contests. 
See Tex. R. Civ. P. 2; Cunningham, 660 S.W.2d at 812.  Texas is one of
a handful of states in this country with a will-contest statute that does not
require notice to interested parties.  See Petty v. Call, 599 S.W.2d 791,
793–94 (Tenn. 1980) (noting that Tennessee was one of seven states at that time
whose will-contest statute did not require that will contestants join or notify
interested parties).

            Two rules of statutory construction
arguably might apply here.  First, if
there are two reasonable interpretations of a statute and if one would lead to
an absurd result and the other would not, then we must choose the reasonable
interpretation that avoids an absurd result. 
See C&H Nationwide, Inc. v.
Thompson, 903 S.W.2d 315, 322 & n.5 (Tex.
1994).  Second, if there are two reasonable
interpretations of a statute and if one would make the statute unconstitutional
and the other would not, then we must choose the reasonable interpretation that
avoids the constitutional infirmity.  See State v. Hodges, 45 Tex. Sup. Ct.
J. 1117, 1118–20, 2002 WL 1906111, at *3–*5 (Aug. 21, 2002); State v. Shoppers World, Inc., 380 S.W.2d 107, 111 (Tex.
1964).  Notably, however, both of these
rules require that each of the competing statutory interpretations be
reasonable.  See Hodges, 45 Tex. Sup. Ct.
J. at 1118–20, 2002 WL 1906111, at *3–*5; C&H
Nationwide, Inc., 903 S.W.2d at 322 & n.5; Shoppers World, Inc., 380 S.W.2d at 111.  Because there is no reasonable interpretation
under which the Probate Code would require that will contestants join or give
notice to interested parties, these two rules of statutory interpretation do
not apply.

            We must take the Probate Code as we
find it, truly and fairly interpreting and applying it as written. See St. Luke’s Episcopal Hosp., 952
S.W.2d at 505. We are not responsible for any omissions in the statute.  See
id. The Texas Legislature did not include a requirement compelling the joinder of interested parties to a will contest.  Though our lawmakers might  in the future elect to re-examine section 33
of the Probate Code and require that will contestants join or give notice to
will beneficiaries, unless and until they do, we must apply the statute as it
is written.  See id.  Under the
unambiguous language of the Probate Code, the Contestants were not required to join
Slott and Novark.  To the extent the Kotz and Jennings courts hold to the contrary, we respectfully disagree with
those courts.  See Kotz v. Kotz, 613 S.W.2d 760, 761 (Tex. Civ.
App.—Beaumont 1981, no writ) (admitting that Probate Code does not require
citation and notice for will contests but requiring notice to avoid
constitutional problems, even though it appears that no party asserted the
Probate Code was unconstitutional); Jennings
v. Srp, 521 S.W.2d 326, 328–29 (Tex. Civ. App.—Corpus Christi 1975, no writ) (stating that
sections 33 and 93 of the Probate Code do not expressly require joinder of any party to a will contest but applying Rule 39
to will contest without addressing section 33’s requirement that the Probate
Code expressly provide for joinder). 

B. 
Is the constitutionality of any statute before this court?

            No party in this case has challenged
the constitutionality of any statute, including section 33(a) of the Probate
Code, either in the trial court or on appeal. 
We presume that all statutes applicable in this case are
constitutional.  See Edgewood Indep. Sch.
Dist. v. Meno, 917 S.W.2d 717, 725 (Tex.
1995).  Any party alleging that a statute
is unconstitutional has the burden of proving all facts necessary to show that
the statute is unconstitutional.  See id.; Tex-Air Helicopters, Inc. v. Galveston County Appraisal Review Bd.,
76 S.W.3d 575, 584–85 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).  The appellate record in this case lacks the
evidence that would be relevant to a constitutional inquiry — for example,
evidence as to Slott’s and Novark’s
awareness of the will contests.  See Dispensa v.
Univ. State Bank, 987 S.W.2d 923, 928 (Tex. App.—Houston [14th Dist.] 1999,
no pet.) (finding no due-process violation because party received actual notice
in time to allow an opportunity to be heard). 
Because no party challenged the constitutionality of any statute
applicable in this case, the constitutionality of these statutes is not before
this court.  See Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex. 1993); Mallicoat v. Poynter, 722 S.W.2d 681, 682 (Tenn. Ct. App. 1986)
(holding that constitutionality of Tennessee probate procedure that does not
require notice to interested parties in will contests was not before appellate
court when no constitutional challenge was made in the trial court).  Consequently, in this case, we need not make
a determination as to the constitutionality of the Probate Code regarding
notice to interested parties in will contests. 
That is an issue for another case and another day.

                                                              V.
Conclusion

            The only summary-judgment ground
asserted by the Wojcik Estate on appeal is that
section 93 of the Probate Code bars the will contests in this case because the
Contestants did not timely join Slott and Novark.  Because the Wojcik Estate has abandoned its other summary-judgment
ground, we need not address it or the Contestants’ first and fourth
issues.  Under the unambiguous language
of the Probate Code, the Contestants were not required to join Slott and Novark.  Because no party challenged the
constitutionality of any statute applicable in this case, the constitutionality
of these statutes is not before this court. 
Therefore, we sustain Contestants’ second issue, reverse the trial court’s
judgment, and remand this case for further proceedings consistent with this
opinion. Because we have granted the Contestants the relief they seek, we need
not address their third and fifth issues.

 

                                                                                    

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment rendered and
Majority and Concurring Opinions filed January 16, 2003. 

Panel
consists of Chief Justice Brister and Justices Anderson and Frost.  (Brister, C.J., concurring) (Anderson, J.,
concurring).

 











            [1]  For ease of reference, we refer to appellants
collectively as “Contestants,” even though Medlin did not seek affirmative
relief in the trial court.