IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 23, 2004 Session

## BENJAMIN S. PRESSNELL, ET AL. v. STEVE HIXON, ET AL.

**Appeal from the Chancery Court for Grainger County**
**No. 00-089      Telford E. Forgety, Jr., Chancellor**

_____

### No. E2002-01150-COA-R3-CV - FILED SEPTEMBER 14, 2004

_____

This case essentially involves a dispute between the owners of adjoining properties in Grainger County. Specifically, the dispute focuses on (1) the ownership of a private road ("the disputed private road"); (2) the easement rights, if any, of the plaintiff Benjamin S. Pressnell with respect to a right-of-way over the property of the defendants Steve Hixon and wife, Betty Hixon; and (3) damages allegedly sustained by Pressnell and another plaintiff by virtue of the Hixons' interference with Pressnell's right to use the disputed private road and the easement. The trial court, following a bench trial, found the issues in favor of the plaintiffs. The defendants appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and WILLIAM H. INMAN, SR.J., joined.

Carl R. Ogle, Jr., Jefferson City, Tennessee, for the appellants, Steve Hixon and wife, Betty Hixon.

Michael G. Hatmaker, Jacksboro, Tennessee, for the appellees, Benjamin S. Pressnell and Rhandie L. Parker.

**OPINION**

I.

The original parties to this litigation – Pressnell and the Hixons – have a common grantor, W. G. Harrell, Jr., and wife, Sterlynn A. Harrell. The trial court held that the disputed private road was on property owned by Pressnell by virtue of a quit claim deed from the Harrells dated June 6, 2000. In addition, the trial court held that Pressnell "has an easement and the retained right of way in his favor" over the Hixons' property based upon the language of a 1985 warranty deed from the Harrells to the Hixons. The "easement and . . . right of way" over the Hixons' property retained by the Harrells in the 1985 warranty deed was retained by them with respect to the Harrells' property,

a portion of which was subsequently conveyed to Pressnell in the 2000 quit claim deed. The trial court held that, as a consequence of the 2000 quit claim deed from the Harrells to Pressnell, the latter has the right to use the "easement and . . . retained right of way."

While the original complaint in this action was pending, and before the Hixons filed their answer, the original plaintiff was joined in an amended complaint by the plaintiff Rhandie L. Parker. The record reflects that Pressnell and Parker entered into a "Contract for Sale of Growing Timber" dated June 6, 2000. The amended complaint alleges that Pressnell and Parker "suffered monetary loss" because of the actions and conduct of the defendants in interfering with the plaintiffs' logging contract.

In the final judgment, the trial court awarded each of the plaintiffs a judgment against the defendants in the amount of $2,868.85. Except for the name of the plaintiff to whom the award is made, the two paragraphs of the judgment decreeing the awards are identical:

> That Plaintiff . . . have and recover judgment from the Defendants in the amount of $2,868.85, representing one-half the difference in the fair market value of the timber as of June, 2000, and as of September, 2001, the logging of which timber said Plaintiff was deprived as a result of Defendants' refusal to permit said Plaintiff access to the easement and right-of-way noted above.

## II.

The Hixons raise four issues, presenting the following questions:

> 1. Did the trial court err in permitting the plaintiffs to withdraw their jury demand in the absence of the consent of the Hixons to such a withdrawal?
>
> 2. Does the evidence preponderate against the trial court's separate awards of damages to Pressnell and Parker?
>
> 3. Did the trial court fail to address an issue raised by the Hixons in their answer?
>
> 4. Did the trial court err "in not ordering a less burdensome right-of-way be established other than the one contained in the original deed to [the] Hixons"?

III.

Our review is *de novo* upon the record of the proceedings below. Tenn. R. App. P. 13(d). With respect to factual issues, the record comes to us burdened with a presumption that the trial court's factual findings are correct – a presumption we must honor unless the preponderance of the evidence is to the contrary. **Id**. There is no such presumption of correctness as to the trial court's conclusions of law. **Jahn v. Jahn**, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996).

IV.

With respect to the defendants' first issue pertaining to the alleged error of the trial court in allowing the plaintiffs to withdraw their jury demand without the defendants' consent, the defendants rely upon the following portion of Tenn. R. Civ. P. 38.05:

> A demand for trial by jury as herein provided may not be withdrawn without the consent of all parties as to whom issues have been joined.

The defendants assert that "[t]here is absolutely nothing in the record that indicates the [d]efendants waived their right to a [t]rial by [j]ury."

On November 2, 2000, the plaintiffs, through counsel, filed a further amendment to their complaint asking that "a jury be impaneled to hear this case." In their answer to the original complaint, as now twice amended, the defendants stated that the second amendment "requires no response as it is simply a jury demand."

On July 22, 2001, the plaintiffs filed a "Notice of Withdrawal of Demand for Jury." The certificate at the bottom of the notice recites that it was served on the defendants' counsel of record on January 12, 2001. Thereafter, over 14 months later, a *bench* trial was held on March 28, 2002.

There is nothing in the record showing that the issue now before us was raised in the trial court. The only conclusion we can reach from this is that the defendants failed to present this issue to the trial court. "It is well-settled that issues not raised at trial may not be raised for the first time on appeal." **State Dept. of Human Servs. v. DeFriece**, 937 S.W.2d 954, 960 (Tenn. Ct. App. 1996). *See also* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). This issue is found adverse to the defendants.

V.

In their brief filed in our court on September 10, 2003, the defendants, as appellants, argue that the award of damages to Pressnell and Parker is speculative and without support in the record. Subsequent to the filing of the defendants' brief, the trial court supplemented the record on appeal

-3-

with 12 exhibits. These exhibits were filed with us on October 27, 2003. Included among these exhibits is Exhibit 11, which reflects that, "due to a downturn in the lumber market," the value of the timber not removed from Pressnell's property as a result of the defendants' interference with Pressnell and Parker's right to use the subject ways decreased by $5,737.70. The trial court awarded Pressnell and Parker each one-half of this amount.

In the appellants' reply brief they tacitly withdraw this issue, noting that *when* they filed their main brief there was no evidence to support the trial court's monetary awards. In any event, there is now evidence in the record to support these two awards. The evidence does not preponderate against the trial court's judgment in this regard.

## VI.

In their third issue, the defendants contend that the trial court failed to address an issue raised in their counterclaim. In that document, the defendants alleged as follows:

> The private road has always been a closed right of way. Counter-Defendant, Benjamin S. Pressnell, has recently removed gates that should be replaced at Counter-Defendant's cost.

We disagree with the defendants' assertion that the trial court failed to reach this issue. The trial court found that the disputed private road was entirely on the property of Pressnell. Furthermore, the court found that Pressnell had the right to use the retained easement over the defendants' property. This being the case, it follows, by clear implication, that the defendants were not entitled to the relief alluded to above. This issue is found to be without merit.

## VII.

The thrust of the defendants' fourth issue is somewhat unclear. They apparently contend that the trial court has the power to ignore the path of the retained right-of-way reserved by Pressnell's predecessor in title and has the concomitant right to decree a new route for Pressnell. They contend that the right-of-way can be re-routed in a way that would not inconvenience Pressnell while at the same time establishing a path that "would be more convenient to [the defendants]." We find that this issue is without merit for a number of reasons.

There is nothing in the defendants' answer to the plaintiffs' amended complaint or their counterclaim – even giving those pleadings a liberal construction in favor of the defendants – suggesting that this issue was presented, as an issue, to the trial court. "The jurisdiction of [the Court of Appeals] is appellate only and we consider those issues which are timely brought to the attention of the trial court." ***Mallicoat v. Poynter***, 722 S.W.2d 681, 682 (Tenn. Ct. App. 1986). *See also **In re Adoption of E.N.R.***, 42 S.W.3d 26, 32 (Tenn. 2001).

While there is nothing before us to suggest that the pleadings framed the subject issue for the trial court, we recognize that issues not pled can be tried with the express or implied consent of the parties. *See* Tenn. R. Civ. P. 15.02. *See also **Zack Cheek Builders, Inc. v. McLeod,*** 597 S.W.2d 888, 890-91 (Tenn. 1980). There is evidence in the statement of the evidence which appears to be relevant only as to this unpled issue. We conclude from this that the defendants' issue on appeal pertaining to an "alternative" route for the retained right-of-way was tried with the consent of the plaintiffs. This being the case, we will consider it further.

Even though the trial court apparently heard evidence pertaining to the defendants' desire to re-route the retained right-of-way, that court did not make findings as to this issue in its judgment. It did, however, decree that Pressnell had a legal right to use the right-of-way retained by the Harrells in their 1985 deed to the defendants. It is obvious to us that the trial court rejected the defendants' suggestion that the court should re-locate Pressnell's right-of-way. We find no error in this. Even assuming, without deciding, that a trial court has the power to re-locate a valid existing easement under certain circumstances, the evidence before us does not preponderate in favor of a finding that this could be done without significant inconvenience to Pressnell. Since there is no factual predicate to support the defendants' asserted legal proposition, we do not feel compelled to express an opinion as to whether, in an appropriate case, a trial court has the power to re-locate a retained right-of-way to another location. Such a determination must await a case where the facts are such as to bring this issue clearly into focus.

## VIII.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellants, Steve Hixon and Betty Hixon. This case is remanded to the trial court for enforcement of the trial court's judgment and for collection of costs assessed below, all pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE

-5-