IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 21, 2024 Session

## TINA M. VASUDEVA v. KATHIE BARKER

**Appeal from the Chancery Court for Warren County**
**No. 15569-OP      Larry B. Stanley, Jr., Judge**

_____

**No. M2023-01121-COA-R3-CV**

_____

The trial court granted Appellee's motion for extension of an order of protection against Appellant. Appellant argues that her due process rights were violated insofar as she was denied the opportunity to confront witnesses and offer testimony. Based on the statement of the evidence, we agree. Vacated and remanded.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KRISTI M. DAVIS, JJ., joined

Drew Justice, Murfreesboro, Tennessee, for the appellant Kathie Barker.

Tina M. Vasudeva, McMinnville, Tennessee, appellee, pro se.[1]

## OPINION

### I. Background

On May 19, 2022, Appellee Tina M. Vasudeva filed a petition for an order of protection against Appellant Kathie Barker, a resident of New Jersey. As grounds, Ms. Vasudeva alleged that Ms. Barker had stalked her. On July 6, 2022, the Chancery Court for Warren County ("trial court") granted Ms. Vasudeva a one-year order of protection. The trial court found that Ms. Barker had "abused/threatened to abuse" Ms. Vasudeva. As

---

[1] Ms. Vasudeva did not file a responsive brief in this Court.

such, the trial court ordered Ms. Barker to have no contact with Ms. Vasudeva and to give any firearms "to someone else who is allowed to have them" pursuant to Tennessee Code Annotated section 36-3-625.

On June 7, 2023, Ms. Vasudeva filed a motion, seeking a ten-year extension of the order of protection. Following a hearing, which Ms. Barker attended by Zoom, on July 7, 2023, the trial court extended the order of protection for five years on the same terms as set out in the original order of protection. Ms. Barker filed a timely notice of appeal.

There is no transcript of the hearing giving rise to the extension of the order of protection. However, on or about October 9, 2023, Ms. Barker filed a proposed Tennessee Rule of Appellate Procedure 24(c) statement of the evidence, wherein she asserted that the "entire proceeding took about 6 minutes or less." Ms. Barker further stated that: (1) the trial court did not give her an opportunity to cross-examine Ms. Vasudeva; (2) Ms. Vasudeva interrupted her testimony; and (3) the trial court interrupted Ms. Vasudeva and stated that it would extend the order of protection for five years. Ms. Barker also averred that she attempted to protest, "saying that [Ms. Vasudeva's] testimony was 'not true[,]' [b]ut the court said 'I'm done'" and ended the hearing. On November 8, 2023, Ms. Vasudeva filed a "statement of objection" to Ms. Baker's proposed statement of the evidence, *see discussion infra*. Following a hearing, the trial court found that the record was transmitted to this Court on November 1, 2023, and ordered the record to be supplemented to include Ms. Vasudeva's objection.[2]

## II. Issues

Ms. Barker raises the following issues, as stated in her brief:

(1) Was the evidence sufficient to find any ground for extending the order of protection?

(2) Did the lower court err by not allowing cross-examination or closing argument?

(3) Did the lower court err by extending an order of protection without following the requirements for a charge of contempt?[3]

---

[2] It appears that some of the Tennessee Rule of Appellate Procedure 24 procedural requirements were not followed in the trial court. These shortfalls do not bear on the substantive issues in this appeal. So, in the interest of judicial economy, we exercise our discretion to suspend the requirements of Rule 24 as permitted by Tennessee Rule of Appellate Procedure 2 ("For good cause, including the interest of expediting decision upon any matter, the . . . Court of Appeals . . . may suspend the requirements or provisions of any of these rules in a particular case on . . . its motion.).

[3] At oral argument, Ms. Barker's attorney conceded that a contempt proceeding is not required to extend an order of protection and abandoned this issue.

(4) Did the lower court err by dispossessing [Ms. Barker] of firearms even though the parties were not intimate partners?

## III. Standard of Review

Our review of the trial court's judgment in this non-jury matter is *de novo* on the record, accompanied by a presumption of correctness for the trial court's findings of fact unless the evidence preponderates otherwise. ***Luker v. Luker***, 578 S.W.3d 450, 456 (Tenn. Ct. App. 2018); Tenn. R. App. P. 13(d). We review the trial court's conclusions of law *de novo* with no presumption of correctness. ***Id.***

## IV. Analysis

We first note that the trial court neither approved Ms. Barker's statement of the evidence, nor reconciled Ms. Vasudeva's "objection" to same. Concerning Ms. Vasudeva's "objection," as Ms. Barker notes in her appellate brief, other than her assertion that Ms. Barker "was given ample opportunity to speak in court" Ms. Vasudeva did not challenge either Ms. Barker's description of the July proceedings or her characterization of the testimony. We agree. Ms. Vasudeva's "objection" is not an objection insofar as it does not dispute the proceedings, or the evidence adduced therefrom but merely opines that the time afforded to Ms. Barker was sufficient. As such, there was nothing for the trial court to reconcile. Tenn. R. App. P. 24(e) ("Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court"). In the event that the trial court does not approve the statement of the evidence within 30 days of the period for filing objections, then "the transcript or statement of the evidence and the exhibits shall be deemed to have been approved and shall be so considered by the appellate court." Tenn. R. App. P. 24(f). Accordingly, we will review the statement of the evidence in analyzing the substantive issues.

Ms. Barker asserts that she was not afforded due process at the July 2023 hearing because she was not permitted to: (1) cross-examine Ms. Vasudeva; (2) make a closing argument; or (3) "otherwise respond at all" to Ms. Vasudeva's allegations. Tennessee Code Annotated section 36-3-605 provides, in relevant part:

(d) Within the time the order of protection is in effect, any court of competent jurisdiction may modify the order of protection, either upon the court's own motion or upon motion of the petitioner. If a respondent is properly served **and afforded the opportunity for a hearing** pursuant to § 36-3-612, and is found to be in violation of the order, the court may extend the order of protection up to five (5) years. If a respondent is properly served **and**

- 3 -

**afforded the opportunity for a hearing** pursuant to § 36-3-612, and is found to be in a second or subsequent violation of the order, the court may extend the order of protection up to ten (10) years. No new petition is required to be filed in order for a court to modify an order or extend an order pursuant to this subsection (d).

Tenn. Code Ann. § 36-3-605(d) (emphases added). This Court has observed that, "[w]hile not a criminal matter, an order of protection exposes a respondent to an array of restrictions, including severe limitations on his or her Second Amendment rights." *Luker*, 578 S.W.3d at 461. Therefore, "[a] respondent deserves a meaningful due process opportunity to present his or her case." *Id.* It is well-settled that "[d]ue process requires that parties be given an opportunity to be heard. That is, they must be allowed to present their claims or defenses at a meaningful time **and in a meaningful manner**." *Tarpley v. Hornyak*, 174 S.W.3d 736, 751 (Tenn. Ct. App. 2004) (emphasis added) (citing *Baggett v. Baggett*, 541 S.W.2d 407 (Tenn. 1976); *Case v. Shelby County Civil Service Merit Bd.*, 98 S.W.3d 167, 172 (Tenn. Ct. App. 2002); *State v. AAA Aaron's Action Agency Bail Bonds, Inc.*, 993 S.W.2d 81, 85 (Tenn. Crim. App. 1998)). Further, it is "an elemental requisite of due process that evidence offered against a person should be offered in his [or her] presence after notice **and** with an opportunity afforded him [or her] to cross-examine the witness." *Gamble v. Kelley*, 409 S.W.2d 374, 377 (Tenn. 1966) (emphasis added) (quoting the trial court's opinion with approval). Indeed, Tennessee courts have long recognized that, "'[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.'" *Tenent v. Tenent*, No. 02A01-9305-CV-0017, 1994 WL 317531, at *4 (Tenn. Ct. App. July 6, 1994) (quoting *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970)). In other words, "the right to present evidence is fundamental to due process." *Conner v. Conner*, No. W2007-01711-COA-R3-CV, 2008 WL 2219255, at *3 n.3 (Tenn. Ct. App. May 29, 2008).

Turning to the record, Ms. Barker is not a resident of Tennessee, and we are not insensitive to the difficulties involved in conducting a video hearing. However, these difficulties do not negate the fundamental requirements of due process. As noted above, an order of protection impinges on fundamental rights, and an extension of the order is available only if the respondent is "found to be in violation of the order." Tenn. Code Ann. § 36-3-605(d). Additionally, "'an order of protection is appropriate only where there is sufficient evidence that the victim needs the protection available.'" *Autry v. Autry*, 83 S.W.3d 785, 787 (Tenn. Ct. App. 2002) (quoting *Collins v. Pharris*, No. M1999-00588-COA-R3-CV, 2001 WL 219652, at *5 (Tenn. Ct. App. Mar. 7, 2001)). The petitioner, *i.e.,* Ms. Vasudeva, carries the burden of proof to show, by a preponderance of the evidence, that an extension of the order of protection is necessary. *Gibson v. Bikas*, 556 S.W.3d 796, 805 (Tenn. Ct. App. 2018). However, Ms. Barker is entitled to refute Ms. Vasudeva's evidence and testimony. That did not happen in this case. As set out in the undisputed statement of the evidence:

- 4 -

The court did not give Respondent Barker an opportunity to cross-examine. Nor did any closing arguments occur. Instead, the court interrupted Vasudeva to announce that it was granting a 5-year order of protection to Petitioner Vasudeva. Respondent Barker then protested saying that the testimony was "not true." But the court said, "I'm done." The entire proceeding took about 6 minutes or less.

The foregoing statement indicates that Ms. Barker was denied due process at the hearing giving rise to the extension of the order of protection. As noted above, Ms. Vasudeva did not raise a valid objection to Ms. Barker's statement of the evidence, so we take the averments therein on their face. Because Ms. Barker was not "afforded the opportunity for a hearing," including the opportunity to cross-examine witnesses and to fully protest and defend against Ms. Vasudeva's allegations, the trial court's grant of the extension of the order of protection was error as it was done in violation of Ms. Barker's rights to due process. Tenn. Code Ann. § 36-3-605(d). The trial court's order is vacated, and all remaining issues are pretermitted as moot.

### V. Conclusion

For the foregoing reasons, the trial court's order extending the order of protection against Ms. Barker is vacated, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellee, Tina M. Vasudeva. Execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE

- 5 -